Bland, Chancellor.
This motion for a dissolution of the injunction standing ready for hearing, and the solicitors of the parties having been fully heard, the proceedings were read and considered.
It appears, that the defendant is a resident of the State of Delaware, where, after subscribing his name to his answer, he swore to its truth, which acts are certified by the judge in these words :— “ Sworn- and subscribed this twenty-sixth day of April, A. D. 1827, before Kensey Johns, Chief Justice of the Supreme Court of the State of Delaware.” To which is subjoined a certificate, in the usual form, by the clerk of New-Castle county, in the State of Delaware, that Kensey Johns was then Chief Justice.
It was objected, that the answer was insufficient; was not properly sworn to; and that the certificate was not in the form prescribed by the act of Congress of the 26th of May, 1790, ch. 11, *353 prescribing the mode of authenticating records and judicial proceedings from the other States of the Union. In answer to which it was urged that the answer was entirely sufficient, and that the latter objections could not now be made.
On the hearing of a motion to dissolve an injunction, objections of every kind to the answer may be made, and are then in order. Because, the motion itself, in its very nature, is founded- upon the correctness, and sufficiency of the answer in every particular. Hence the plaintiff may, on the very day of hearing the motion, file exceptions to the answer, and have them then heard and decided upon. The defendant can have no' cause to complain of surprise ; because, by his motion he calls upon the plaintiff to show cause why, after having well and sufficiently answere'd the bill, the injunction should not be dissolved. And, having thus planted himself upon the sufficiency of his answer, at that time, and for that purpose, he stands pledged to sustain it in all respects ; or he must fail in his motion.(a) All the objections that have been made are, therefore, now in season and must be decided upon.
The act, relied upon to show the insufficiency of the certificate, is one of those laws passed by Congress in pursuance of the power delegated to them, by the first section of the fourth article of the Constitution of the United States. That delegation of power enables Congress to prescribe the manner in which the public acts, the records and the judicial proceedings of every other State shall be proved, and the effect thereof, in this State. But, the affidavit, and certificate appended to this answer are. not in any. sense public acts, records, or judicial proceedings of Delaware. They are parts of a judicial proceeding of Maryland; such as have been called for, and authorized by the usage and law of Maryland, not of Delaware.
According to the long established practice of this court, in various cases, some of which have been recognised by legislative enactments,(b) it will act upon the evidence, derived from affidavits taken in a foreign country. Prior to the revolution a dedimus was always sent to obtain an answer from a defendant resident in any of the neighbouring colonies or in a foreign State,(c) and now commissions are often sent to other States of this Union,(d) and into *354 foreign nations to take testimony where the commissioners must be sworn, by some magistrate of the place, before they can proceed to act. So an affidavit verifying the truth of an answer, made before a magistrate duly authorized to administer an oath in the country where the respondent resides, has long been admitted as sufficient. The acts of foreign magistrates, in all such cases, are however considered as having been done under the authority of this court; and as deriving their, sanction from the judicial power of this State, not from that of the foreign State. For, standing unconnected in the foreign State with that to which they relate here, they would be there wholly unintelligible and inoperative. This interchange of courtesies, in aid of judicial proceedings, seems to be as common among the nations of Europe, as it is with the several States of our Union, (e) And in all such cases it would seem, that the comity of nations is carried so far, that the public functionaries will not only suffer the commission to be executed by the commissioners to whom it is sent, but if necessary, will compel a witness to appear and testify, so that his deposition may be taken, and returned to the tribunal of the foreign nation whence the commission emanated, (f)
The tribunals of this State have often found it necessary to ask the assistance of the judicial power' of the other States of our Union or of foreign countries to procure testimony or obtain the means of administering justice. And in doing so those courts alone who ask or accept such assistance can have the authority to regulate its nature, form and extent. And they have accordingly laid it down as a general rule, that such acts, although varying in form in each case according to circumstances, must yet contain all the requisites essential to such acts when done here.(g) But the court, in such cases, is not called on to give any faith, or credit, or to pass any opinion upon the effect of a judicial proceeding of another State. If it were, then that matter having been regulated by the Constitution and laws of the United States, it certainly would be bound to submit to those regulations so far as they applied. But the question, how far this court will ask for, or accept of affidavits taken in another State, as the medium of that *355 evidence without which it will not act, is one of a totally different nature from that, which involves the verity or effect of a judicial proceeding, which had been originated and completed entirely in another State; and with the formation of which it could have no concern. The Constitution, and act of Congress of the United States, therefore, can have no bearing upon the subject now under consideration.
With regard to the affidavit to this answer, it is certainly not couched in phraseology as full and exact as it ought to have been. But it is conceived to be expressed in terms sufficiently clear and strong to sustain a prosecution for perjury, if it had been made in this State, and the answer had been found to be false in any material particular. And although, as it would seem, no such prosecution could be sustained here upon a false oath taken in another State however correct and positive the affidavit might have been; yet the parties may, should the answer turn out to be false or the affidavit be ascertained to be spurious, be punished for practising an imposition on the court. (h)
These preliminary objections being removed, it appears, on a careful consideration of the answer, that it is, in all respects, sufficient ; and that it has completely sworn away all the equity of the complainant’s bill.
I know of no such rule as that which was insisted on by the plaintiff’s solicitor; that where the facts on which the complainant’s equity rests are alike within the knowledge of both parties; and the allegation of them by each in an opposite bearing is equally positive, the injunction must be continued. The rule is, that on a motion to dissolve, the facts on which the plaintiff’s equity rests must be admitted or not denied, or he cannot obtain a continuance of the injunction. But if they are positively denied by the answer the injunction must be dissolved, (i) There may be exceptions to this rule, but this case is not one of them.
Whereupon it is ordered, that the injunction heretofore granted is hereby dissolved.
After which testimony was taken and the case brought before the court on a final hearing; when it appearing, that the plaintiff had failed to sustain his case by proof, by a decree passed on the 4th of November 1829, the bill was dismissed with costs.

 Eden, Inj. 78; Alexander v. Alexander, MS., 13th December, 1817.

d) 1797, ch. 114, s. 5.

 Chan. Pro. lib. D. D. No. J. folio 6, 59, &c.

 Hunt v. Williams, Taylor’s Rep. 318.

 Dalmer v. Barnard, 7 T. R. 251; Ex parte Worsley, 2 H. Blac. 275; Omealy v. Newell, 8 East, 364; Hornby v. Pemberton, Mosely, 58; Gason v. Wordsworth, 2 Ves. 325, 336; Garvey v. Hibbert, 1 Jac. & Walk. 180; Braham v. Bowes, 1 Jac. & Walk. 296.

 Young v. Cassa, 3 Eccle. Rep. 417; Mitchell v. Smith, 1 Paige, 287; Mitf. Plea. 186, notes.

 Tidd, Pra. 156.

 Omealy v. Newell, 8 East, 372.

 Eden, Inj. 86.