[No. 12775.    Department One. — June 10, 1890.]

## SARAH ALTHEA SHARON, RESPONDENT, *v.* FREDERICK W. SHARON, EXECUTOR, ETC., APPELLANT.

CONFLICT BETWEEN FEDERAL AND STATE COURTS — PRIORITY OF JURISDICTION — CONCLUSIVENESS OF JUDGMENT. — When the circuit court of the United States has first acquired jurisdiction of the persons and subject-matter of an action before the commencement of a subsequent action in a state court between the same persons, essentially involving or depending upon the same subject-matter, the judgment of the circuit court, no matter when rendered, whether before or after the date of judgment in the state court, becomes binding and conclusive as to that subject-matter, upon all parties and upon all other courts and tribunals whatsoever.

ID. — CANCELING FORGED CONTRACT OF MARRIAGE — ALLOWANCE OF ALI-
MONY. — If the circuit court, having prior jurisdiction, has rendered judg-
ment canceling a forged instrument, claimed by the defendant to be a
subsisting contract of marriage with plaintiff, and enjoining the use of
such instrument, or the claiming of any rights or interest in property
thereunder, its judgment will prevail over the judgment of the superior
court of this state declaring that a contract of marriage subsisted between
the parties by virtue of said instrument only, and granting a divorce and
alimony, counsel fees, and costs, in an action for a divorce subsequently
commenced in such superior court by the defendant in the circuit court
against the plaintiff therein, though the judgment of the superior court
was first rendered and was affirmed upon appeal.

ID. — MOTION FOR JUDGMENT AGAINST EXECUTOR — DECREE OF CIRCUIT
COURT AS DEFENSE. — When, upon the going down of the *remittitur* from
the supreme court upon appeal from the judgment in such divorce case,
and from the order granting alimony and counsel fees, a motion is made
for judgment against the executor of the defendant, who had been sub-
stituted as defendant for the purposes of appeal, the executor may pre-
sent and rely upon the decree of the circuit court as a complete defense
to the motion.

ID. — EFFECT OF INJUNCTION OF CIRCUIT COURT. — It is the duty of the
state court to respect and enforce the injunction of the circuit court
embodied in such decree, and to compel the plaintiff in the state court
to obey the injunction, and desist from the enforcement of any marital or
property rights in the action in the state court, which are essentially
based upon the forged and canceled contract of marriage.

ID. — COMITY OF COURTS — INJUNCTION OF CO-ORDINATE COURT. — The
comity which one court owes to another of concurrent jurisdiction should
always prevent the one from lending itself as an instrument in permit-
ting a contempt of the process of the other, by allowing a proceeding
before it to be conducted in violation of the injunction of such co-or-
dinate court.

ID. — VIOLATION OF INJUNCTION. — To claim alimony and costs against de-
fendant's executor under a judgment of the state court, based upon an
alleged contract of marriage canceled by decree of the circuit court, is to
make a claim under and by virtue of that writing in violation of the in-
junction of the circuit court prohibiting the one who is the plaintiff in
the state court from "making any claim, or setting up any right, inter-
est, or claim of any kind under or by virtue of said instrument or decla-
ration of marriage, either as wife of complainant, or for any interest in
property or right of any kind or nature against said complainant, his
heirs, executors, administrators, or successors in interest."

APPEAL — JUDICIAL NOTICE. — This court is bound to take judicial notice of
its own decisions, though not made part of the record of the case before
it, and when for any cause it reverses a proceeding had in a court below,
it may look into its own records, for the purpose of ascertaining what in-
struction, if any, it is proper to give to the court below.

ID. — EFFECT OF REVERSAL OF ORDER DENYING NEW TRIAL — VACATING
JUDGMENT OF DIVORCE — ALIMONY AND COSTS. — The legal effect of the

reversal of an order denying a new trial in an action for divorce is to vacate and set aside the judgment for divorce, and also a judgment for alimony and costs based upon that judgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*William F. Herrin*, for Appellant.

The right to recover alimony and costs was lost by failure of plaintiff to present her claims therefor to the executor of William Sharon. (Code Civ. Proc., secs. 1049, 1502, 1505.) The last of two conflicting judgments should control. (*Tyrrell* v. *Baldwin*, 67 Cal. 1.) The marriage contract incorporated in the findings of the superior court was essential to its judgment; and the plaintiff was not entitled to recover alimony and costs essentially based upon that instrument, because of the decree of the circuit court annulling it as forged, and the injunction thereby granted, it having prior jurisdiction of the persons and of the subject-matter. (*Nicholas* v. *Nicholas*, Finch, 547; *King* v. *Sainsbury*, 4 Term Rep. 456, 457; *State* v. *Yarbrough*, 1 Hawks, 84; *Powers* v. *Springfield*, 116 Mass. 84; *Miller* v. *County Comm'rs*, 119 Mass. 485; *Withers* v. *Denmead*, 22 Md. 145, 146; *Merrill* v. *Lake*, 16 Ohio, 406; *Clepper* v. *State*, 4 Tex. 245; *Greenwald* v. *Rector*, Hemp. 708, 709; *Peck* v. *Jenness*, 7 How. 612, 624, 625; *Orton* v. *Smith*, 18 How. 263, 265, 266; *Mallett* v. *Dexter*, 1 Curt. 178; *Riggs* v. *Johnson County*, 6 Wall. 166; *New Orleans* v. *S. S. Co.*, 20 Wall. 392, 393; *French* v. *Hay*, 22 Wall. 250, 253; *Bell* v. *New Albany R. R. Co.*, 2 Biss. 391, 400–402; *Home Ins. Co.* v. *Howell*, 24 N. J. Eq. 239; *Union Mut. Life Ins. Co.* v. *Chicago University*, 10 Biss. 191.) It was the duty of the court below to respect the injunction of the circuit court. (*Engels* v. *Lubeck*, 4 Cal. 32.) The violation of the spirit of an injunction is a breach of the mandate of the court. (High on Injunc-

tions, sec. 1446; *Campbell* v. *Tarbell,* 55 Vt. 459; *Baker* v. *Cordon,* 86 N. C. 116; 41 Am. Rep. 448; *Jewett* v. *Bowman,* 27 N. J. Eq. 171; *In re Perry,* 30 Wis. 273, 274.) A party under injunction cannot justify his violation of it by the judgment of another court or tribunal. (*Winn* v. *Albert,* 2 Md. Ch. 42; *Williamson* v. *Carnan,* 1 Gill & J. 184, 205; *Muller* v. *Henry,* 5 Saw. 464; *Gibbs* v. *Morgan,* 39 N. J. Eq. 79.) Injunction orders must be fairly and honestly obeyed. (*Morton* v. *Superior Court,* 65 Cal. 497; *People* v. *Pendleton,* 64 N. Y. 624; *Wilcox Silver Plate Co.* v. *Schimmel,* 59 Mich. 524.) The judgment appealed from should be reversed because the final judgment of the court below has been vacated by the reversal of the order refusing a new trial, as shown by the records of this court. (*Poole* v. *Sevey,* 70 Iowa, 275, 277, 281; *Waldron* v. *Ely,* 2 N. J. L. 79, 80; *Stillman* v. *Ackley,* 2 N. J. L. 165; *Anderson* v. *Radley,* 4 N. J. L. 1034; *Dakota County* v. *Glidden,* 113 U. S. 226; *United States* v. *Schooner Peggy,* 1 Cranch, 103.)

*W. T. Baggett,* and *James G. Maguire,* for Respondent.

The affirmance of the judgment was, in effect, a claim allowed against the estate. (Code Civ. Proc., secs. 1504, 1505; *In re Page,* 50 Cal. 42.) The decree of the circuit court is void for want of jurisdiction. That decree could not affect the judgment for alimony, which became final and invulnerable, when the judgment of the superior court was affirmed. (*Sharon* v. *Sharon,* 75 Cal. 1; *Sharon* v. *Sharon,* 67 Cal. 185; *Chase* v. *Ingalls,* 97 Mass. 274; *Miller* v. *Miller,* 75 N. C. 71; *Ex parte Perkins,* 18 Cal. 60.)

Fox, J.—Upon the going down of the *remittitur* upon the appeal from the original judgment granting a divorce in this cause, and from the order granting alimony and counsel fees (75 Cal. 1), plaintiff moved the court below for judgment against the present defendant, executor of

the original defendant, and who had, pending the appeal, been substituted as sole defendant, for alimony under the said original order, as the same was modified by this court, and for the costs awarded by the original judgment of the court below, affirmed by this court. Defendant opposed this motion, and introduced certain evidence in support of his opposition, which need not here be repeated, but which presented the facts upon which his opposition was grounded.

The court overruled all the objections made by defendant, and ordered judgment against him and in favor of plaintiff for $6,614 as alimony, and $825.25 as costs, from which judgment this appeal is taken.

1. The defendant made the point in the court below, and insists upon it here, that plaintiff was not entitled to such judgment, for that she had not presented or exhibited any claim for alimony or costs to the executor of William Sharon, or to the judge of the probate court.

While it is a general rule of statute law in this state that claims against the estates of deceased persons, upon money demands, whether in suit or in judgment, must be presented to the executor or administrator for approval or rejection, before any action can be maintained thereon, the question of whether or not it would apply to this peculiar case is not free from doubt; and it is one entirely unnecessary to be determined on this appeal. There is another point in the case, now coming up for the first time squarely on the record, which determines the rights of the parties, not only upon this appeal, but which must govern the courts of this state in all future proceedings · which may be attempted in the action out of which the judgment or order here appealed from has come. To that point we address ourselves, as conclusive of the case.

2. From the record in this case, and upon this appeal, it appears that the original judgment, which was the basis of the judgment now appealed from, was based upon certain findings, which are given in the transcript;

that among them was one to the effect that on the twenty-fifth day of August, 1880, the plaintiff and defendant (William Sharon) each signed a certain declaration of marriage, a copy of which is set out in the finding, and that this was the only written declaration, contract, or agreement of marriage ever entered into between the parties; and as a conclusion of law, the court held that since the 25th of August, 1880, the parties have been and are husband and wife. The question of marriage or no marriage was the real subject of contest in this case, — the one bitterly contested question. Without a finding of marriage, the judgment must have been for the defendant, and there would have been no judgment for either costs or alimony.

A marriage being found, and it being further found that defendant had violated the obligations imposed upon him by the marriage relation, judgment for divorce, alimony, and costs followed. From that judgment two appeals were taken by the defendant; one direct, on the judgment roll alone; the other from an order refusing to vacate the decision and grant a new trial. A reversal of the court below on either of these appeals was fatal to that judgment. Until both were disposed of, the case was still pending. When Sharon died, and when this application for final judgment for alimony and costs was made, only one of those appeals had been disposed of, so that the case was then still pending.

Under these circumstances, and on the application for the judgment now appealed from, this defendant proved that, nearly a month before the commencement of this action, the original defendant, William Sharon, commenced an action against this plaintiff, by the name of Sarah Althea Hill, for the purpose of obtaining a decree canceling the identical contract which by the court in this case was found to be the only contract or agreement of marriage ever made by or subsisting between the par-

ties, on the ground that the same was fabricated, false, and forged, and introduced the judgment roll in that case, showing the proceedings had therein, culminating in a final judgment filed and entered January 15, 1886, as of September 9, 1885, adjudging and decreeing "that said instrument is false, counterfeited, fabricated, forged, and fraudulent, and is therefore utterly null and void," and "that the same be and is hereby canceled and utterly annulled." And it was "further ordered, adjudged, and decreed, that the respondent herein, Sarah Althea Hill [the plaintiff in this cause], her heirs, executors, administrators, and all persons claiming any interest thereunder by or through said respondent, and her and their agents and attorneys, be, and they and each and all of them are, hereby perpetually enjoined from alleging the genuineness or validity of said instrument, and from making any use of the same, in evidence or otherwise, to support any right or claim under it, or making any claim, or setting up any right, interest, or claim, of any kind, under or by virtue of said instrument or declaration of marriage, either as wife of complainant, or for any interest in property or right of any kind or nature, against said complainant, his heirs, executors, administrators, or successors in interest, and that complainant recover his costs of suit."

The record shows that the circuit court of the United States (the court in which such action was brought) acquired jurisdiction of the persons and subject-matter before the commencement of this action. Consequently, no matter when its judgment was rendered, whether before or after the date of the judgment of any other tribunal subsequently acquiring jurisdiction over the same persons and subject-matter, the final judgment in that case became binding and conclusive as to that subject-matter upon all persons, and upon all other courts and tribunals whatsoever. (*Taylor* v. *Taintor*, 16 Wall. 370; *Shoemaker* v. *French*, Chase's Dec. 267; *Gaylord* v.

*Fort Wayne, M., & C. R. R. Co.,* 6 Biss. 286; *Union Mutual Life Ins. Co.* v. *Chicago University,* 10 Biss. 191; *Mason* v. *Piggott,* 11 Ill. 88; *Bank* v. *Rutland R. R. Co.,* 28 Vt. 470; *Stearns* v. *Stearns,* 16 Mass. 170; *Home Ins. Co.* v. *Howell,* 24 N. J. Eq. 239; *Brooks* v. *Delaplaine,* 1 Md. Ch. 354; *Withers* v. *Denmead,* 22 Md. 146; *New Orleans* v. *Steamship,* 20 Wall. 393.)

The judgment of the court below for alimony and costs was essentially based upon this identical contract or instrument; for the court expressly finds that it was the *only* contract or agreement of marriage between the parties. There could be no marriage without a contract or agreement of the parties. Without marriage there could be no divorce, and without this judgment for divorce, there would have been no judgment for alimony or costs. This judgment in the circuit court was and is the only final judgment on the question of the validity of the contract, upon which this alleged marriage depends. Upon the application to have the judgment for alimony and costs entered up against this executor, he interposed this judgment of the circuit court, showing an adjudication, the legal effect of which was to determine that under this contract there had been no marriage, and consequently that there could be no divorce, and forever enjoining the plaintiff from asserting any marital or property rights under it, and asked that the court compel her, in this action, to obey said injunction. It was error in the court to deny this request.

In *Engels* v. *Lubeck,* 4 Cal. 32, this question was fully considered and passed upon by this court. The action was ejectment, and the defendant moved for a stay of proceedings, on the ground that he had commenced a suit in the fourth district court (a court of co-ordinate jurisdiction), and obtained an injunction against the plaintiffs, restraining them from disturbing his possession of the land in question. This court, in discussing the question, says: —

"It is said, however, that the injunction operates upon the party, and not upon the court, and that therefore the court of the seventh district was right not to regard it, and the defendant's remedy is by attachment for contempt in the fourth district. We prefer to lay down a different rule. The remedy suggested, for aught that we can see, may be fraught with difficulty and involve the parties in needless expense. When a party obtains an injunction to restrain the prosecution of a suit, he acts upon the presumption that the process of the court will be respected, and it may reasonably be supposed that he declines to make the necessary preparation for the trial of his case. This ought certainly to be considered a good reason even for granting a continuance. But we think that the propriety of the observance of the injunction, by the court to whose notice it is brought, may be properly placed upon higher grounds. The comity which one court owes to another of concurrent jurisdiction should always prevent the one from lending itself as an instrument in permitting a contempt of the process of the other. The one should regard the party attempting to proceed in defiance of the authority of the other as laboring under the same disability to ask for the action of the court as if he was an alien enemy, or under the ban of a decree of outlawry at common law. Such being the opinion we entertain upon this point, we cannot permit the judgment to stand." (Page 33.)

To claim alimony and costs under a judgment based upon that alleged marriage contract was to make a claim under and by virtue of that writing in violation of the injunction.

Several other points are made by the appellant on the record, but we do not deem it necessary to consider them.

Attention is also called to the fact that, since the entry of the judgment appealed from, the appeal from the order refusing to vacate the original decision, and denying the motion for new trial, has been reversed by this court.

This fact is not presented by the record, and it is claimed by the respondent that we cannot consider it on this appeal. We do not base our decision upon this appeal on that fact, or pass upon the question of whether or not it can be considered for that purpose; but this court is certainly bound to take judicial notice of its own decisions, and when for any cause it reverses any proceeding had in a court below, it may with propriety look into its own records for the purpose of ascertaining what instruction, if any, it is proper to give the court below. The legal effect of the reversal on said former appeal (79 Cal. 633) was to vacate and set aside the judgment for divorce upon which this judgment for alimony and costs was based, and there is now no judgment whatever in favor of plaintiff upon which to base the motion upon which this judgment was entered.

The judgment appealed from, being the judgment entered in this cause June 23, 1888, on the motion of plaintiff made May 5, 1888, is reversed, and the court below is directed to enter an order denying said motion.

WORKS, J., and PATERSON, J., concurred.