[Civ. No. 2807.   First Appellate District, Division Two.—August 26, 1919.]

MACK MATHEWS, Administrator, etc., Appellant, v. SAVINGS UNION BANK AND TRUST COMPANY (a Corporation), Defendant; STATE OF CALIFORNIA, Respondent.

[1] STATUTORY CONSTRUCTION — TAKING OF PROPERTY BY STATE — PRESERVATION OF CONSTITUTIONAL RIGHTS.—So obnoxious to the sense of justice is the suggestion that the state may take for its own use the property of one of its citizens, without compensation and without hearing, that, unless the language of a statute is express and unmistakable, courts will not attribute to the coordinate law-making body the purpose of invading the common right and violating those fundamental constitutional provisions by which the individual is protected against arbitrary action on the part of the government.

[2] BANKS AND BANKING—UNCLAIMED DEPOSITS—ESCHEAT TO STATE
—CONSTRUCTION OF STATUTES.—Section 1273 of the Code of Civil
Procedure and section 15 of the Bank Act, as they were amended
in 1915, which are correlative and which deal with bank deposits
upon which, except for the accumulation of interest, neither de-
posits nor withdrawals have been made for a period of twenty
years, are not to be given the construction that title to such
money passes to the state absolutely on the expiration of twenty
years, without compensation to the owner and without notice and
hearing.

[3] ID.—JURISDICTION OF COURTS IN RELATION TO DEPOSIT.—After the
expiration of such period of twenty years, jurisdiction to make
any order in relation to such dormant deposits is not exclusively
in the superior court of Sacramento County. Until suit is
brought by the attorney-general in Sacramento County, the court
having jurisdiction of an action by anyone for property which
another without right withholds is open to the depositor, as well
after as before the expiration of such period.

[4] ID.—RIGHTS OF ATTORNEY-GENERAL ON INTERVENTION—POWER OF
COURT TO DETERMINE OWNERSHIP.—The right given the attorney-
general, under section 1269a of the Code of Civil Procedure, to
intervene in any action involving the right to property which has
escheated or is about to escheat to the state, does not carry with
it the right to delay the trial of such action, nor change the posi-
tion of the parties. He must take the suit as he finds it, and,
jurisdiction having attached in the court in which such action is
pending, such court should determine the issue of the ownership
of the property, notwithstanding that, since the commencement of
that action, the statutory suit has been commenced by the
attorney-general in Sacramento County to determine that question.

[5] STATUTORY CONSTRUCTION—GENERAL RULE.—Not only must a stat-
ute be construed, if possible, to avoid unconstitutionality, but the
construction must be consistent with sound sense and wise policy,
and with a view to promoting justice.

[6] BANKING LAW—DEPOSITS UNCLAIMED FOR TWENTY YEARS—SUB-
SEQUENT ACTION BY ADMINISTRATOR — JUDGMENT.—Where, after
the expiration of the twenty-year period but prior to the bringing
of the statutory suit by the attorney-general, the administrator of
the estate of a deceased bank depositor brings suit against the
bank to recover the deposit, with accrued interest, the plaintiff
is entitled to judgment, notwithstanding the attorney-general in-
tervenes and claims the money on behalf of the state.

2. Escheat of bank deposits, note, Ann. Cas. 1914B, 157.
Constitutionality of statutes relating to disposition of old bank
deposits, note, 1 A. L. R. 1054.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

Lovett K. Fraser, Herbert V. Keeling and Ornbaun & Fraser for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondent.

BRITTAIN, J.—This appeal concerns the construction of sections 1269a and 1273 of the Code of Civil Procedure, and section 15 of the Bank Act, as they were amended in 1915. They relate to escheats of unclaimed bank deposits. The facts are admitted.

In 1868, William Anderson deposited with the Savings Loan Society Bank of San Francisco, the predecessor of the defendant, one thousand five hundred dollars, which with the accumulations of interest grew to $12,525.12 by the 1st of January, 1917. Anderson died at his residence in Lake County in August, 1892. Under the provisions of section 15 of the Bank Act the defendant made report to the state treasurer that for twenty years prior to the first day of January, 1917, there had been neither deposit nor withdrawal of funds from the Anderson account and no claim had been made nor address of the owner of the account filed within the twenty-year period. On March 16, 1917, the public administrator of Lake County was granted letters of administration on the estate of Anderson, and on the day following he made demand upon the bank for payment of the deposit account, which being refused, the administrator sued the bank at its place of business in San Francisco. The attorney-general intervened on behalf of the state. The judgment was against the plaintiff and in terms declared the money on deposit had escheated on January 1, 1917, nearly nine months before the judgment was entered.

In this case there is no question of identity involved. The plaintiff as the administrator of the estate of the depositor stands in his shoes. His rights in regard to the money in question are neither greater nor less than those of the de-

positor. If, on December 31, 1916, either the depositor or the administrator of his estate had made demand on the bank, it was obligated to pay, because the money then on deposit rightfully belonged to the depositor or his estate. If payment had been refused, the superior court in San Francisco would have had jurisdiction of a suit against the bank, and upon the admitted facts its judgment must have been in favor of the depositor or his personal representative. Because the demand was not made until after January 1, 1917, the trial court determined, and the attorney-general here argues that the moneys escheated on that day, that the right of the depositor to the immediate payment no longer existed, and that this result flowed from the amendments of 1915.

[1] So obnoxious to the sense of justice is the suggestion that the state may take for its own use the property of one of its citizens, without compensation and without hearing, that, unless the language of a statute is express and unmistakable, courts will not attribute to the co-ordinate law-making body the purpose of invading the common right and violating those fundamental constitutional provisions by which the individual is protected against arbitrary action on the part of the government. The language of the statutes here in question requires no such interpretation.

[2] Section 1273 of the Code of Civil Procedure and section 15 of the Bank Act are correlative. They deal with bank deposits upon which, except for the accumulation of interest, neither deposits nor withdrawals have been made for a period of twenty years. The Bank Act provides that the moneys in such deposits "which shall have remained unclaimed for more than twenty years . . . and where neither the depositor nor any claimant has filed any notice with such bank showing his or her present residence, shall . . . be deposited with the state treasurer after judgment in the manner provided in the Code of Civil Procedure." (Stats. 1915, p. 1106.) The general language of the code section is the same, except that the last phrase reads, "shall . . . escheat to the state." (Code Civ. Proc., sec. 1273.) The section then provides that when the attorney-general shall learn of such deposits, he shall bring suit in the superior court in Sacramento County, and that upon the trial, "if it be determined that the moneys . . . are unclaimed as hereinabove stated, then the court must render judgment in favor of the

state declaring that said moneys have escheated," and commanding the bank to deposit the money with the state treasurer thereafter to be dealt with as other escheated property.

So careful is the state of the rights of its citizens that even after the adjudication, for a period of five years, any person not a party or a privy to the escheat judgment may sue the state to recover the money, and this time is extended to infants and persons of unsound mind for a period of one year after the removal of the disability. (Code Civ. Proc., sec. 1272.)

In the suit commenced by the attorney-general any claimant may appear and present his claim of ownership. (Code Civ. Proc., sec. 1273.) The attorney-general argues that the only adverse claim which could prevail in the suit would be one based on the nonexistence of the very fact on which the suit is based, namely, that no claim had been made within the twenty years of dormancy. If this construction should be adopted, how unreliable would be the guaranty of justice contained in section 15 of the Bank Act, which provides that "any person interested may appear in such action and become a party thereto," and that "the court shall have full and complete jurisdiction over the state, and the said deposits and of the person of everyone having or claiming any interest in the said deposits, or any of them, and shall have full and complete jurisdiction to hear and determine the issues therein, and render the appropriate judgment thereon." This language is most appropriate to provide for a real trial of the claim of interest or ownership, and it is equally inappropriate to provide for a merely formal adjudication of the jurisdictional fact of nondemand for a period of twenty years. Just as the statute provides for a claim of ownership after the judgment, so does it provide for a claim of ownership after the attorney-general sues and before the judgment. Of course, a claim may be made by the owner against the bank at any time before the expiration of the twenty years. There necessarily must elapse a period of time between the expiration of the twenty years and the commencement of the state's suit. What are the rights of the owner of the money during that intermission?

[3] The attorney-general argues that after the expiration of the twenty years no court save that in Sacramento County has jurisdiction to make any order in relation to the deposit.

The Bank Act provides that when summons is issued under
section 1273 of the Code of Civil Procedure the clerk shall
also issue a special notice directed to all persons, requiring
them to appear within sixty days after the first publication
of summons to show cause why the money should not be
paid to the state treasurer. This notice must be published
with the summons, that is, for a period not less than four
weeks. (Code Civ. Proc., sec. 1273.) Under the Bank Act
it is not until the completion of publication that jurisdiction
vests in the Sacramento court. The duties of the attorney-
general are many, the demands upon his office are great.
There may be most cogent reasons for delay in the bringing
of suits of this nature. The suit in Sacramento concerning
this deposit was not commenced until July 30, 1917, seven
months after the expiration of the twenty-year period.

Suppose the depositor had not died, but returning from a
far country had been delayed by stress of weather, so that
a demand which would have been honored on December 31st
could not be presented until January 2d; suppose, further,
that he was in sickness, that his family was in distress, or
that the fund he had thriftily laid by against the day of his
dire need alone would save him from the bankruptcy court;
and, suppose the bank should pay him what rightfully was
his, is it conceivable that the court in Sacramento would re-
quire the bank again to pay the amount of the deposit to
the state? If the bank should refuse to pay upon such a
demand, as it did in this case, would the admitted owner
of the deposit be compelled to wait until the attorney-general
should find time or be willing to open the door of the Sac-
ramento court so that he might as a defendant present his
claim? Under such a rule he might be driven into bank-
ruptcy, and he and his family become public charges. It
would be no answer to say he might by the roundabout
method of *mandamus* force the attorney-general to throw
open the door of the Sacramento court. The rule that jus-
tice shall not be denied is no more sacred than is that which
declares it shall not be delayed. Until suit is brought by the
attorney-general in Sacramento County, the court having
jurisdiction of an action by anyone for property which an-
other without right withholds is open to the depositor, as well
after as before the expiration of the twenty-year period. In
the exercise of its constitutional jurisdiction (Const., art. VI,

sec. 5) the superior court in San Francisco had power to entertain the suit of the plaintiff, and its jurisdiction having attached, it necessarily had power to determine the substantial rights of the parties before it. (*Hibernia etc. Soc. v. Lewis,* 117 Cal. 577, [47 Pac. 602, 49 Pac. 714] ; *Peck v. Jenness,* 7 How. 612, 624, [12 L. Ed. 841, see, also, Rose's U. S. Notes].)

[4] In the present case, in view of the fact that the enactments of 1915 had received no judicial interpretation, the bank refused to pay, and upon suit being brought submitted itself to the judgment of the court. Under the provisions of 1269a of the Code of Civil Procedure, the attorney-general intervened in this action. That section was adopted at the same session of the legislature at which the amendments under discussion were adopted, and no doubt to protect the interests of the state in the contingency of a claim being made in the interim which must elapse in every instance between the report of the bank and the commencement of the suit in Sacramento County. It provides that whenever the attorney-general is informed that property has escheated or is about to escheat, he may commence an action on behalf of the state to determine its rights to the property, "or may intervene on its behalf in any action . . . and contest the rights of any claimant or claimants thereto." The statute does not say that upon his intervention the court in which the action is brought shall be divested of its jurisdiction pending the bringing and determination of another suit. There is no suggestion that any different rules of law shall apply to an intervention under this section of the code than those which ordinarily control in such cases. It has been broadly stated that the intervener must take the suit as he finds it. A better statement is that the intervention must not retard the principal suit, nor delay the trial of the action, nor change the position of the parties. (*Hibernia etc. Soc. v. Churchill,* 128 Cal. 634, [79 Am. St. Rep. 73, 61 Pac. 278] ; *Van Gorden v. Ormsby,* 55 Iowa, 664, [8 N. W. 625] ; *Boyd v. Heine,* 41 La. Ann. 393, [6 South. 714] ; *Mayer v. Stahr,* 35 La. Ann. 57; *Ragland v. Wisrock,* 61 Tex. 391; *Cahn v. Ford,* 42 La. Ann. 965, [8 South. 477].) The fact found by the court that after the commencement of this action the statutory suit was commenced by the attorney-general in Sacramento County had no bearing upon the de-

termination of this case. Jurisdiction having attached, the court should have determined the issue of ownership of the money. (*Dunphy* v. *Belden,* 57 Cal. 427; *Sharon* v. *Sharon,* 84 Cal. 424, [23 Pac. 1100].)

What has already been said concerning the question of jurisdiction applies equally to the substantial rights of the parties. A construction of section 1273 of the Code of Civil Procedure and section 15 of the Bank Act, by which title to money on deposit would pass to the state absolutely on the expiration of twenty years, without compensation to the owner and without notice and hearing before his property should be taken, would be intolerable. **[5]** Not only must a statute be construed, if possible, to avoid unconstitutionality, but the construction must be consistent with sound sense and wise policy, and with a view of promoting justice. (*San Joaquin etc. Inv. Co.* v. *Stevinson,* 164 Cal. 229, [128 Pac. 924]; *In re Mitchell,* 120 Cal. 386, [52 Pac. 799]; *Merced Bank* v. *Casaccia,* 103 Cal. 645, [37 Pac. 648].)

**[6]** In the present case the identity and death of the depositor are admitted and the appellant is the administrator of his estate. As the personal representative of the depositor he was entitled to payment of the deposit at any time the admitted facts were established. (Code Civ. Proc., secs. 1552, 1726, 1732.) The facts were established by the findings in this action to which the state was a party. Upon the facts found the plaintiff was entitled to judgment. This conclusion is in consonance with the reasons underlying the decision of the supreme court in the somewhat similar case of *People* v. *Roach,* 76 Cal. 297, [18 Pac. 407].

The judgment is reversed.

Langdon, P. J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 23, 1919.

All the Justices concurred, except Wilbur, J.