[Civ. No. 14138.   Second Dist., Div. Three.   Mar. 22, 1944.]

EVA TAYLOR, Appellant, v. WESTERN STATES LAND
   AND MORTGAGE COMPANY et al., Defendants;
   STATE OF CALIFORNIA, Intervener and Respondent.

William M. Taylor for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

BISHOP, J. pro tem.—By a series of procedural steps this action to quiet title to thirteen parcels of real estate and twelve scattered bank accounts has developed, as to one bank account, into an action of interpleader in which the plaintiff and the State of California appear as rival claimants. Of the twenty-five items covered by the amended complaint the one in which we are interested is described as ''A bank account in the First Trust and Saving Bank of Pasadena, California, including money deposited and interest and the proceeds therefrom, standing in the name of Pasadena Land & Wtr. Co.'' The Pasadena Land & Water Company was named as a defendant, served, its default entered June 5, 1942, and a partial decree entered on July 10, 1942, quieting the plaintiff's title to the bank account as against the water company. The bank in which the account existed (actually there were two accounts) was not made a party to the action. Nevertheless an order was issued, July 30, 1942, which, by its terms, ordered the bank to appear and show cause why it should not pay the money in the water company's accounts to the plaintiff. The bank resisted the move to require it to

pay the amount of the accounts to the plaintiff, advancing, among other reasons, the fact that the State of California claimed that the account should escheat to it. The State then came upon the scene, serving notice that it was going to make three motions: first, that the judgment and default which the plaintiff had had entered against the water company be vacated; second, that the order to show cause against the bank be dissolved; third, that it (the State) be allowed to intervene in the action. These motions were made at the same court session at which the order to show cause was heard, the plaintiff, the bank and the State each being represented by counsel. These orders were made: (1) the motion to vacate was granted; (2) the motion to intervene was granted; (3) plaintiff's petition for release of bank account was denied. It was stipulated that the bank, having filed a disclaimer (which does not appear in the record before us) should deposit with the clerk of the court the balances in the two accounts of the water company, $932.21, and that upon such deposit the bank should be discharged from all liability to the plaintiff and to the State, and that upon such deposit being made, the amount thereof shall abide the outcome of this action. "Said stipulation is approved and it is so ordered."

Plaintiff's appeal is from the order vacating the default and judgment, from an order dissolving the order to show cause, and from the order permitting intervention. ▮ We know of no order being made which dissolved the order to show cause. In any event the effect of the orders which were made rendered that order *functus officio*, and in view of the stipulation she entered into the plaintiff is in no position to complain if it was dissolved. ▮ The order permitting the State to intervene we regard as a nonappealable order. It is not listed among the orders from which appeals are authorized (Code Civ. Proc., sec. 963) and it is quite plainly an intermediary order, not determining anybody's rights with finality. (See *Camp* v. *Oakland Mtg. & Finance Co.* (1928), 205 Cal. 380 [270 P. 685].) However, the validity of the order vacating the default judgment is to be tested, as we shall see, by the propriety of the order permitting the State to intervene, with the result that the order is subject to review on the appeal from the order setting the judgment aside.

█ It appears from the record relied upon in support of the State's motion to be permitted to intervene, that the bank account in question had lain quiescent for over twenty years. No deposit had added to its total; no withdrawals had depleted its principal or interest; no claim had been made for any part of it. Nor, according to the proposed petition in intervention, had either the water company (elsewhere shown to have been dissolved) or any claimant filed a notice with the bank showing a present address. Given these facts, section 1273, Code of Civil Procedure, applies and declares that the money in the account escheats to the State. In spite of the language used in section 1273 it has been held that the escheat is not brought about by the mere passage of twenty years without a claim, but takes place only when it is so decreed, and that that cannot take place until an opportunity is given all claimants to be heard. (*Mathews* v. *Savings Union Bank and Tr. Co.* (1919), 43 Cal.App. 45 [184 P. 418]; *State* v. *Savings Union Bank and Tr. Co.* (1921), 186 Cal. 294 [199 P. 26]; *Forster* v. *Riley* (1935), 11 Cal.App.2d 89 [53 P.2d 192].) █ The State might have brought an independent action to obtain its decree, as authorized in section 1273, but inasmuch as the account which had escheated, within the meaning of section 1273, was property involved in plaintiff's quiet title action, the State properly sought intervention in that action. (Sec. 1269a, Code Civ. Proc.) Intervention having been granted, the court in the quiet title action may proceed to determine whether or not the account escheats or whether plaintiff has a superior claim to it, without the necessity of bringing the action authorized by section 1273. (*Mathews* v. *Savings Union Bank and Tr. Co., supra,* 43 Cal.App. 45, 50, 51 [184 P. 418].)

█ What we have said respecting the State's right to intervene establishes it as a necessary if not an indispensable party to plaintiff's action to obtain the bank account which the State claims. (*Bank of California* v. *Superior Court* (1940), 16 Cal.2d 516 [106 P.2d 879].) This being so, it was quite proper to set aside the default judgment upon the State's motion in order that the State might be made a party to the action. (*Nuckolls* v. *Bank of California* (1937), 10 Cal.2d 266, 273 [74 P.2d 264, 268, 114 A.L.R. 708]; *Hammond Lumber Co.* v. *Gilkey* (1932), 120 Cal.App. 252, 258 [7 P.2d 724, 725].) The order making the State a party is

not an adjudication that the fund in dispute is to be paid to the State and not to the plaintiff. Obviously that question is yet to be determined.

In the case last cited the default judgment was vacated but the default itself was not molested. The rationale of the cases which support the vacating of a default judgment in order to allow the bringing in of a necessary party does not justify setting aside the default itself. It was unnecessary, and erroneous, to order the default of the water company set aside in the present action.

The order vacating the default and the default judgment is modified so that it affects the judgment only; as so modified the order is affirmed. The appeals from the other two orders are dismissed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.