[Civ. No. 15515.   Second Dist., Div. One.   Feb. 3, 1947.]

EVA TAYLOR, Appellant, v. WESTERN STATES LAND & MORTGAGE COMPANY (a Corporation) et al., Defendants; STATE OF CALIFORNIA, Intervener and Respondent.

William M. Taylor for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—On April 2, 1942, plaintiff filed in the Superior Court of Los Angeles County her complaint to quiet title against numerous corporations and individuals. On April 23, 1942, an amended complaint was filed. By her amended complaint, plaintiff claimed to be the owner of several different parcels of real property and bank accounts, including a bank account in First Trust and Savings Bank of Pasadena standing in the name of Pasadena Land and Water Company. On July 9, 1942, plaintiff obtained a partial judgment by default, quieting her title as to said bank account of the aforesaid Pasadena Land and Water Company on deposit in said bank.

By a minute order of the court entered August 28, 1942, this default judgment was vacated, at which time it was also ordered that the State of California be permitted to intervene in the proceedings and that the First Trust and Savings Bank of Pasadena be permitted to deposit with the clerk of the court the funds of such bank account.

On September 2, 1942, a petition in intervention was filed by the State of California pursuant to the terms of section 1269a of the Code of Civil Procedure to have said bank account declared escheated to the State of California.

An appeal was taken from the order vacating the default judgment, and permitting the state to intervene (*Taylor v. Western States Land & Mortg. Co.*, 63 Cal.App.2d 401 [147 P.2d 36]). Upon such appeal it was held that "what we have said respecting the State's right to intervene establishes it as a necessary if not an indispensable party to plaintiff's action to obtain the bank account which the State claims." The order vacating the default and the default judgment was modified on appeal so that it affected the judgment only, and as so modified, the order was affirmed.

By her amended complaint and by her answer to the petition for intervention, plaintiff asserted that she was the owner

of the particular bank account here involved. The state, on the other hand, by its petition in intervention, claimed that the bank account in question had been dormant for more than twenty years, and under the law should escheat to the State of California.

Trial before the court resulted in a judgment that plaintiff herein "has no right, title or interest of any nature whatsoever in said bank accounts standing in the First Trust and Savings Bank of Pasadena in the name of the Pasadena Land and Water Company."

The judgment also specifically provided that the same "does not affect any rights whatever of the Pasadena Land and Water Company or of the First Trust and Savings Bank of Pasadena in and to those bank accounts standing in the said bank in the name of the Pasadena Land and Water Company; and the State of California, Intervenor herein, may pursue any remedy it may have either in this action or some other action regarding said bank accounts." From such judgment plaintiff prosecutes this appeal.

Insofar as the factual background of this litigation is concerned, we deem it a fair epitome of the evidence to say that by stipulation or testimony it was established at the trial that the Pasadena Land and Water Company was dissolved not later than the year 1914. The secretary of the company, who was the authorized signer of checks drawn on its account, testified that he had not signed any such checks since 1914. It was stipulated that for more than twenty years previous to January 1, 1942, there were no withdrawals, deposits or claims made with reference to said account. The ledger sheets of the bank showed that no withdrawals and no deposits were made in the year 1942, and that no earned interest was withdrawn. No notice was filed by the Pasadena Land and Water Company showing its residence or showing a change of residence; the auditor of the bank was aware of the fact that the city of Pasadena had purchased the Pasadena Land and Water Company and that the latter company was thereafter nonexistent.

About June 7, 1942, appellant mailed to the aforesaid bank a check in the sum of $1.00, accompanied by an original and duplicate deposit slip. The check bore date of June 7, 1942, was drawn on the Western Trust and Savings Bank of Long Beach, payable to the order of Eva Taylor (appellant herein), and signed by William M. Taylor. Said check was indorsed;

"Deposit to and in the account of Pasadena Land and Water Co., Eva Taylor." The deposit slip was made out for "Pasadena Land and Water Co., c/o Eva Taylor, 1263 East Ocean Boulevard, Long Beach." The duplicate deposit slip was returned by mail to appellant bearing the initials of a bank teller, indicating that the amount thereon had been received. However, on June 16, 1942, the bank, through its Assistant Secretary, F. R. Backus, addressed a communication to the appellant enclosing to her a cashier's check for $1 and stating in part, "This is a return of the $1.00 which you enclosed in your letter of June 6 for deposit to the account of Pasadena Land and Water Company. We are unable to accept this deposit until we are furnished with absolute proof that there has been an assignment made by the company to you." Appellant had no further dealings with the bank.

The auditor for the bank testified that when a deposit is presented, either by mail or over the counter, the teller will automatically take the same in and give a deposit slip or make an entry in the customer's account book as a receipt whether the account is an active account or whether it is called a "sundry account." In this case, it being a "sundry account," the auditing department, which had "surveillance" of the account, refused to credit the same with the deposit by reason of the fact that there was no Eva Taylor connected with the account. As soon as this matter was brought to the attention of the auditor and the circumstances checked, the bank, as aforesaid, remitted a cashier's check to plaintiff in payment of the deposit previously taken in.

So far as the record discloses, appellant's only claim to the bank account here in question, is grounded upon her attempted deposit of $1.00 therein on June 7, 1942.

As grounds for reversal, appellant first contends that there is no evidence in the record to support the finding that no deposit had been made. This claim is without merit. The record reflects that on June 7, 1942 (more than two months after the commencement of this action), appellant attempted to make a deposit of $1.00 in the then dormant bank account, that she received a receipt from the bank for said sum, but when the matter came to the attention of the bank auditor in charge of dormant accounts, he refused to credit the account with such deposit, and returned the same to appellant with a letter explaining the reasons for such refusal. Appellant had no further dealings with the bank, and at the trial made no

further effort to show that, by assignment or otherwise, she had acquired any right, title or interest in said account. Appellant's efforts amounted only to a futile attempt to make a deposit to an account in which, so far as the record discloses, she had no interest. The court's finding in that regard was fully justified.

■ Appellant next asserts that the record contains no evidence to support the finding that the account was unclaimed for more than twenty years (Code Civ. Proc., § 1273). The only claim to the account was made by appellant through her attempted deposit therein on June 7, 1942. Relying on that portion of section 1273 of the Code of Civil Procedure which reads, ''which shall have remained unclaimed for more than twenty years,'' appellant insists that the claim of the State of California as to dormant bank accounts may be defeated *by any claimant.* Appellant's contention seems to be that the mere attempt to make a deposit by someone without any connection with or interest in a dormant account constitutes a ''claim'' within the meaning of section 1273 of the Code of Civil Procedure. Such a construction of the language of the statute challenges credulity and does violence to reason.

■ Construction of a statute must be consonant with sound sense, wise policy and with a view of promoting justice.

■ What the statute here under consideration contemplates is a *valid* claim and that only. (*Tennessee Consolidated Coal Co.* v. *Commissioner of Internal Revenue* (6 CCA 1941); 117 F.2d 452, 454.) The language of the statute clearly indicates a meaning that an account cannot be classified as ''remaining unclaimed'' when a *valid* and *bona fide* claim is made thereto. In *Security Savings Bank* v. *State of California,* 263 U.S. 282 [44 S.Ct. 108, 68 L.Ed. 301, 31 A.L.R. 391], which was an action to declare bank deposits escheated to the State of California under section 1273 of the California Code of Civil Procedure, the Supreme Court of the United States, in speaking of this particular statute, said:

''A *valid* claim to a deposit, duly made at any time prior to entry of the judgment, prevents its transfer to the state. *Mathews* v. *Savings Union Bank and T. Co.,* 43 Cal.App. 45, 48, 184 P. 418; *State* v. *Savings Union Bank and T. Co.,* 186 Cal. 294, 298, 199 P. 26.'' (Emphasis added.)

■ The purpose of the statute is to protect the rightful owner of a bank account against its escheating to the state,

and if this purpose is to be conserved, it must be held to apply only to valid claims and not fictitious ones.

For the same reasons, it must be held that the court's finding that under the statute "neither the depositor nor any claimant has filed any notice with such bank showing his or her present residence" (Code Civ. Proc., § 1273) is abundantly supported by the evidence and the circumstances surrounding the attempt to deposit by appellant, which is the only effort she made to comply with the statute in regard to notifying the bank of her present address.

Appellant's contention that the finding that she had no interest in the account was not a matter within the issues framed by the petition in intervention is equally unavailing. In asserting this claim, appellant ignores the holding of the District Court of Appeal in the prior appeal of this case (*Taylor* v. *Western States Land & Mortg. Co., supra*) and which became the law of the case. In the prior appeal, at page 404, the court stated:

"The State might have brought an independent action to obtain its decree, as authorized in section 1273, but inasmuch as the account which had escheated, within the meaning of section 1273, was property involved in plaintiff's quiet title action, the State properly sought intervention in that action. (Sec. 1269a, Code of Civ. Proc.) Intervention having been granted, the court in the quiet title action may proceed to determine whether or not the account escheats *or whether plaintiff has a superior claim to it,* without the necessity of bringing the action authorized by section 1273. (*Mathews* v. *Savings Union Bank and T. Co., supra,* 43 Cal.App. 45, 50, 51 [184 P. 418].)" (Emphasis added.) The challenged finding determined that with reference to the bank account, appellant had no "superior claim to it" or in fact had no claim whatsoever to the account in question. This finding was directly within the issues presented by the quiet title action brought by plaintiff, the petition in intervention filed in accordance with the provisions of section 1269a of the Code of Civil Procedure, and the law of the case as laid down in the previous appeal. That the court did not decide that the account escheated to the State of California, or whether the same will eventually so escheat, is immaterial in this proceeding. There having been no publication as provided in section 1273, the judgment, which was a partial one only, determined the claim of appellant adversely to her, and specifically decreed that

such judgment did not affect the water company or the bank, and that the state may pursue any remedy it may have, either in the instant action or in some other action concerning said bank account.

■ Appellant's contention that her "default judgment operates on res judicata and is immune from collateral attack and as long as a default stands it is the court's duty to enter another judgment on it" is devoid of merit. Appellant had no default judgment. It was set aside. The state was permitted to intervene and the issues to be tried upon such intervention were determined upon the prior appeal which became the law of the case. The case of *Christerson* v. *French*, 180 Cal. 523 [182 P. 27], cited by appellant has no application to the case at bar. In the cited case, the action was one arising upon contract for recovery of damages and is governed by subdivision 1 of section 585 of the Code of Civil Procedure. The instant action does not come within the purview of subdivision 1 of the last-cited code section.

■ Appellant urges that the state failed to sustain the burden of proof cast upon it because the notice required by the statute was not published. This argument might assume some force had the court decreed that the bank account escheated to the state, but the court did not so decree. The partial judgment entered herein was authorized by section 579 of the Code of Civil Procedure, which provides that in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper. ■ In this proceeding the court did not adjudicate the rights of anyone except the relative rights between the State of California and appellant. The latter cannot be heard to complain that there was no statutory publication or service of the petition in intervention on the other parties because she is not thereby affected. As heretofore pointed out, the evidence is not only ample but convincing in support of the judgment rendered as to the claimed rights of appellant to the bank account in question.

■ Finally, appellant asserts that she has been deprived of property without due process of law. We are not directed to, nor do we find in the record any grounds supporting this claim. Appellant offers no citation of authority except a general reference to the Constitution of the United States and of the State of California. Appellant was afforded a full

and fair hearing, and was given every opportunity to meet the state's evidence that she was not possessed of any valid claim to and was not the owner of such bank account. As was cogently observed by the trial judge at the conclusion of the final argument by appellant's counsel, "as to what her claim is, you have successfully kept a secret from the court." In the conduct of this proceeding all constitutional guarantees were fully complied with. This case is not one where the proceedings have gone beyond the boundaries of justice and where property has been lost without the rightful sanction of law.

The judgment appealed from is affirmed.

York, P. J., and Doran, J., concurred.