[S. F. No. 4367.    Department One.—April 11, 1906.]

## STATE OF CALIFORNIA, Appellant, v. G. F. MILLER, Administrator of Estate of Henry Hemker, Deceased, Respondent.

ESCHEAT—PLEADING—INSUFFICIENT COMPLAINT—PREMATURE ACTION—NEGATION OF HEIR.—A complaint in an action brought prematurely less than five years after the death of the deceased, upon an allegation that deceased left no kindred and that there are no heirs to take the estate, is insufficient, and a general demurrer thereto was properly sustained.

ID. — AVERMENT OF FACT IMPOSSIBLE IN LAW NOT ADMITTED. — The averment of the fact impossible in law before the expiration of five years, that there were no heirs to take the estate, was not admitted by the demurrer.

ID.—TITLE VESTING IN HEIRS.—The title to the estate of a person dying intestate vests in the heirs, whether known or unknown, immediately upon his death.

ID.—FORFEITURE OF RIGHT OF NON-RESIDENT ALIEN HEIRS.—The title of non-resident alien heirs is forfeited or barred at the end of five years from the death of the deceased, unless within that time such heirs appear and claim the property.

ID.—RIGHTS OF RESIDENT HEIRS. — Resident heirs are not barred *ipso facto* by any statutory forfeiture, and can only be barred by the lapse of twenty years from a judgment upon information for an escheat.

ID.—PROPER AVERMENTS FOR ESCHEAT.—If this information for escheat had been brought after the lapse of five years, the averments of the complaint would be sufficient to put all unknown heirs upon proof of their rights.

ID.—PROOF OF AVERMENTS.—The proof of the averments of the information is regulated by section 1271 of the Code of Civil Procedure, and as to unknown heirs there need be no other proof than the

constructive proof that no heir or person entitled to the estate has appeared. The rights of unknown resident heirs are preserved by the terms of section 1272 of that code, within the period fixed after judgment of escheat.

APPEAL from a judgment of the Superior Court of Sonoma County. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, and H. W. A. Weske, for Appellant.

L. W. Juillard, for Respondent.

SHAW, J.—Henry Hemker died in this state, intestate, on May 9, 1903. His estate was duly administered by the defendant, and on February 27, 1905, upon settlement of the final account therein, it was adjudged that the defendant had in his hands belonging to said estate, for distribution, the sum of $2,053.55 in money. No person having ever claimed as heir, or otherwise, any part of the estate, the attorney-general on May 15, 1905, began this proceeding by information, under section 1269 of the Code of Civil Procedure, to obtain a judgment of the court declaring said property escheated and the title thereto vested in the state of California. The court below sustained a general demurrer to the complaint, and thereupon gave judgment for the defendant. The plaintiff appeals.

The complaint alleges that the deceased left "no surviving wife or kindred of any kind or degree," and that "there are no heirs to take said estate." In *People* v. *Roach,* 76 Cal. 296 [18 Pac. 407], in a proceeding of this kind, begun within twelve months after the death of the deceased, there was a similar allegation that the deceased left no wife or heirs to take the estate. It was held that this was an allegation of fact which was "impossible in law, and which cannot be admitted by demurrer," citing *Louisville etc. Co.* v. *Palmes,* 109 U. S. 255, [3 Sup. Ct. 193], in which case it was declared that an alleged fact impossible in law is not admitted by a demurrer.

In *People* v. *Roach, supra,* and in *State* v. *Smith,* 70 Cal.
CXLIX Cal.—14

*156,* [12 Pac. 121], it was further decided that our statutes on the subject of escheats, when considered together, do not contemplate that a proceeding of this kind should be commenced before the expiration of five years after the death of the deceased, and that it is premature if begun sooner, although it may have been commenced after the settlement of the administration. The reason given for this ruling is that there may be non-resident alien heirs,. in whom the title would vest, subject to forfeiture or escheat upon failure to appear and claim within the five years, and that, in that event, until that time has elapsed, the state can have no title or right to a judgment declaring an escheat. In *State* v. *Smith* there were non-resident alien heirs who were known to exist. In *People* v. *Roach* this did not affirmatively appear, but the existence of such heirs was assumed as a possibility necessary to be considered in the disposition of the case.

In both of those cases it is clear from the opinions that the court had in mind the existence of non-resident alien heirs only, and was discussing the rule which should be applied with reference to them alone. Under our law of succession the title to the estate of a person dying intestate vests in the heirs, whether known or unknown, immediately upon his death. (Civ. Code, sec. 1384; *Smith* v. *Olmstead,* 88 Cal. 586 [22 Am. St. Rep. 336, 26 Pac. 521]; *Phelan* v. *Smith,* 100 Cal. 164, [34 Pac. 667]; *Bates* v. *Howard,* 105 Cal. 183, [38 Pac. 715]; *Murphy* v. *Clayton,* 114 Cal. 528, [43 Pac. 613, 46 Pac. 460]; *Estate of Packer,* 125 Cal. 397, [73 Am. St. Rep. 58, 58 Pac. 59].) In the case of non-resident alien heirs this title becomes barred, or forfeited, under the provisions of sections 672 and 1404 of the Civil Code, at the end of five years from the death of the deceased, unless within that time such heir appears and claims the property. (*Estate of Pendergast,* 143 Cal. 140, [76 Pac. 962].) And this occurs without any judicial proceeding, and even if the heirs be well known. In such cases the purpose of a proceeding under sections 1269-1272 of the Code of Civil Procedure is merely to establish the disputable facts, that the heirs are non-resident aliens and that they have not claimed. From these facts spring the forfeiture and the investiture of title in the state. As to such non-resident alien

heirs, therefore, it follows that the proceeding could not be maintained until after the lapse of the five years necessary to produce the forfeiture. As applied to the fact considered by the court in those cases, the fact that the heirs were non-resident aliens, it was proper enough to hold that the cases were prematurely begun.

The resident heirs, however, are not barred *ipso facto* by any statutory forfeiture. They can be barred only by a judgment in a proceeding by information such as is here sought, and then only after the lapse of twenty years from the judgment. The only sound reason for holding the proceeding premature as to this class of heirs is that it is necessary to await the five years before proceeding against the non-resident aliens, whose existence is always possible where the heirs are unknown, and as the statute provides for but one proceeding, it must be postponed as to all classes of heirs until it can be maintained against all.

Upon another point, however, we think the case of *People v. Roach,* 76 Cal. 296, [18 Pac. 407], requires some modification. The case went off upon the theory that such heirs as there might have been to that estate were non-residents and aliens. The existence of such alien heirs being assumed, the only point necessary to be decided in the case was that it was prematurely begun. The effect of an allegation that there were no heirs was fully considered, but there does not seem to have been any consideration of the question, how that fact could be alleged and proved, where such allegation and proof are required by a statute. If it were legally impossible that it could be true, then, manifestly it could not be legally established at all. An examination of the provisions of the statute leads us to the conclusion that it is not thereby intended that the fact of the non-existence of heirs shall be established in that proceeding, in the ordinary method, by the production of evidence to that effect. Such a requirement would defeat every such proceeding and render the statute wholly nugatory.

Section 1269 of the Code of Civil Procedure provides that the information must set forth "the facts and circumstances in consequence of which the estate is claimed to have escheated, with an allegation that, by reason thereof, the state of California has right by law to such estate." With respect to

resident heirs, the estate could not escheat, unless there were no such heirs in existence, or at least unless there were none in existence in contemplation of law, however the actual fact might be. It would be necessary, under this provision, therefore, with respect to such heirs, to make an allegation that there were "no heirs to take the estate," which is the condition necessary under section 1386 of the Civil Code, to cause the property to escheat to the state. We do not see how this can be done except by a direct averment to that effect, nor how it can be held that this is not a sufficient allegation of the fact to serve as a support for the proceeding. As to non-resident aliens, it would be sufficient to aver that none has appeared and claimed and that the five years had elapsed.

The proof is regulated by section 1271 of the Code of Civil Procedure. It provides that any person named in the information, or any person claiming an interest, though not named, may appear and contest the title of the state, but that "if no person appear and answer within the time, then judgment must be rendered, that the state be seized" of the property claimed in the information. From this it is clear that there need be no further proof. The failure of any claimant to appear, after the forty days' publication required, is by this statute made sufficient proof, provisionally and for the purpose of authorizing a judgment, of the fact that there are no heirs "to take the estate," and of the right of the state to such judgment. It is true that it also provides that if any claimant appears and takes issue upon the information, there must be a trial of the issue, as in civil actions, and that if upon such trial "it appears from the facts found or admitted that the state has good title" to the property or any part thereof, "judgment must be rendered that the state be seized thereof, and recover costs of suit against the defendant." It is silent with regard to the effect of a finding that the person so appearing is entitled to a part of the estate, but obviously in that event there should be a judgment in his favor for such share. This provision for a trial, however, must be taken to refer solely to the issue between the claimant and the state concerning the share claimed by such person, and not to the right of the state against persons not appearing. The meaning and effect of the statute is that if, on the trial of such issue, the proof shows that the claimant is not an

heir, or entitled to the estate, or some share thereof, then such claimant must fail, and judgment must thereupon go in favor of the state for the whole of the property described, although there may be no proof of the non-existence of heirs, other than the constructive proof afforded by the fact that no heir or person entitled has appeared. The state is not required to prove the impossible in any other manner, or to any greater extent, than this.

The reasonableness of this construction is shown by the provisions of section 1272 of the Code of Civil Procedure, that at any time within twenty years after judgment of escheat, any person not a party or privy to the proceeding, may appear and prove his heirship or right to the property, and thereupon shall receive the property, or its proceeds, if it has been sold in the proceeding. This shows that the real purpose and effect of the proceeding, with regard to unknown heirs, is not to establish, by ordinary modes of proof, the non-existence of heirs, but merely to make a statutory *prima facie* showing of failure of heirs, in order to start the running, as against such non-appearing heirs, of a period of twenty years, after which such heirs will be barred, if not under legal disability,—otherwise, within five years after such disability ceases.

We are of the opinion that the information shows no present right in the state, because begun within the five years after the death of Hemker, but that the allegations are sufficient to have put all claimants upon their proof, if the proceeding had been instituted after the five years had elapsed.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.