SHAW, J.
This case requires a construction of section 5 of the act of 1923 (Stats. 1923, p. 695) relating to the sale, possession and use of firearms and other dangerous *Supp. 795 weapons. 'The part thereof to be construed reads as follows : ‘1 Except as otherwise provided in this act, it shall be unlawful for any person within this state to carry concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person without having a license to carry such firearm as hereinafter provided in section eight hereof. Any person who violates the provisions of this section shall be guilty of a misdemeanor, and if he has been convicted previously of any felony, or of any crime made punishable by this act, he is guilty of a felony.” The question for solution is, Does the word “concealed”, where it first appears, apply only to the words “upon his person”, immediately following, or does the limitation imposed by it extend to the next ensuing words, “or within any vehicle”? Or to put it differently, does one who, without a permit, carries within his vehicle a firearm of the described class, without concealment, violate this section? We are of the opinion that he does not.
A statute must be construed as a whole, in order to determine the true legislative intent, reading each provision in the light of the others. (23 Cal. Jur. 760, 761.) Section 5 refers to section 8, and the latter provides that certain peace officers may, on proof of good cause and of an applicant’s good moral character, “issue to such person a license to carry concealed a pistol, revolver or other firearm for a period of one year from the date of such license”. This is the only provision in the act for a license to carry firearms, so that if section 5 is to be construed as requiring a license to carry a firearm unconcealed in a vehicle, no mode of procuring such license is provided, and the forward reference to section 8 is nugatory. There appears in section 7 of the act this provision, which is clearly in pari materia with section 5: “The unlawful concealed carrying upon the person or within the vehicle of the carrier of any dirk, dagger, pistol, revolver, or other firearm capable of being concealed upon the person, is a nuisance.” Following this are provisions for the confiscation and destruction of the weapons so carried. The word “concealed” is so placed in this last quotation as to leave no doubt that it applies to carrying either upon the person or within the vehicle. We find no reason for imputing any different meaning to *Supp. 796 section 5. The two sections plainly are intended to provide two different remedies for the same evil, section 5 bringing the power of the law to bear upon the carrier, and section 7 operating directly upon the weapon carried.
The title of the act also gives some support to our construction of section 5. While in the first few lines it contains general language probably adequate to cover the whole act, it then starts in to catalogue the contents; and although such a .catalogue is unnecessary, it reveals to us in this ease the legislative view of section 5, for the only part of the title peculiarly applicable to that section reads: “to prohibit the carrying of concealed firearms except by lawfully authorized persons”.
Because exceptions in a statute sometimes afford a clue to the intended scope of its provisions, we have examined the last paragraph of section 5. It is in the nature of an exception to the part which we have already quoted, and declares that “this section shall not be construed to prohibit” any person of a described class “from owning, possessing or keeping within his place of residence or place of business any pistol, revolver or other firearm capable of being concealed upon the person”, that no permit or license shall be required therefor, and that firearms or knives which are “carried openly” in a certain manner “shall not be deemed to be concealed”. By no possible liberality of construction could we hold that any of the acts mentioned in this exception are denounced by the prohibitive parts of the section. (See In re Bergen, 61 Cal. App. 226 [214 Pac. 521].) Hence, we conclude that the legislature, when framing this exception, was merely making “assurance doubly sure”, and that the exception cannot be used to extend the scope of the prohibition.
On a view of the whole act we find the conclusion clear and inescapable that it does not prohibit the carrying of a firearm in a vehicle unless it be concealed. While many reasons may be suggested why legislation prohibiting such carrying, regardless of concealment, is desirable, in the interest of the public peace and safety, they must be addressed to the legislature. We cannot go beyond the legislative intent disclosed by the statute.
On this construction of the act, the complaint states no violation of it. The charging part alleges that defend *Supp. 797 ant carried a pistol in an automobile, but wholly fails to allege that it was concealed. This is an entire failure to state one of the constituent elements of the offense, and it is not cured by section 4% of article VI of the Constitution (People v. Ball, 204 Cal. 241, 244 [267 Pac. 701]; People v. Burns, 75 Cal. App. 84, 87 [241 Pac. 935]; People v. Schiaffino, 73 Cal. App. 357, 360 [238 Pac. 725]; People v. Salisbury, 59 Cal. App. 299, 301 [210 Pac. 642]), even if the evidence shows the existence of the omitted fact. (People v. Burns, supra; People v. Salisbury, supra.) Hence, we need not express an opinion as to the sufficiency of the evidence in the present case.
The judgment and the order denying the motion for a new trial are reversed and the cause is remanded to the municipal court, with directions to dismiss the complaint.
McLueas, P. J., and Bishop, J., concurred.