[Civ. No. 5389. Third Appellate District.—December 31, 1935.]

In the Matter of the Estate of MARGARET E. GRISWOLD, Deceased. ADDA FRANCES FORSTER et al., Respondents, v. RAY L. RILEY, as State Controller, etc., et al., Appellants.

U. S. Webb, Attorney-General, and Lionel Browne and Albert F. Zangerle, Deputies Attorney-General, for Appellants.

W. A. Brandenburger and Ralph H. Lewis for Respondents.

PULLEN, P. J.—Margaret E. Griswold died testate on the 6th day of August, 1916, in the county of Los Angeles, leaving estate therein. Her last will was admitted to probate and distribution ordered in accordance with the terms thereof.

One of the provisions of the decree read, "$500.00 to be distributed to the heirs of Albert A. Forrester, deceased, who Chas. M. Lumereau raised as a child, Lindsay, California."

Thereafter the executor of the will, unable to ascertain who were the parties intended to be the recipients of the foregoing bequest, deposited the sum of $500 with the county treasurer of the county of Los Angeles, who thereafter on the 22d day of December, 1922, paid it over to the state of California, where ever since said sum has remained.

By proper proceedings initiated in April, 1933, it has been ascertained that the persons intended to receive said bequests are the petitioners herein, and a judgment was made and entered directing that the controller of the state of California draw warrants on the treasury of the state of California in favor of petitioners for the respective amounts due them. From this judgment the controller and treasurer have appealed, claiming that a person identified in a decree of distribution and entitled to a devise or bequest must claim the same within five years from the date of the deposit of such money in the state treasury, otherwise it shall become the property of the state by escheat. In other words, the state contends that all that is required under section 1274a of the Code of Civil Procedure in order that it may be determined that the state is entitled to the property, is: Was certain moneys deposited to the credit of an identified distributee in a county treasury and hence forwarded to the state treasury? And, did it remain there for five years without being claimed by the persons identified in the decree of distribution? This contention of the attorney-general is answered, and we believe successfully, by the respondent herein.

The subject of escheated estates is dealt with in part 3, title VIII, of the Code of Civil Procedure. Section 1272 thereof provides that within five years *after judgment* in any proceeding had under this title, a person may file a petition in the proper court showing his right to the property, and upon failure to so appear, is forever barred. The contention has been made in previous actions that lapse of time alone creates an escheat, but the courts have held that there must be a judicial proceeding and judgment in favor of the state before an escheat is accomplished. (10 Cal. Jur. 569.) In the *Estate of Miner*, 143 Cal. 194 [76 Pac. 968], this doctrine was sought to be applied to the language of section 1386 of the Civil Code, reading, ''If . . . there are no heirs to take the estate, the same escheats to the state.'' The court said, however: ''It seems very clear that in every case of a failure of succession for want of heirs or kindred of a decedent an action of escheat becomes necessary to vest title in the state.''

This construction was again attempted to be applied in the interpretation of the language used in the statutes relating to dormant bank accounts, wherein ''All moneys deposited in any bank . . . unclaimed for twenty years . . . shall escheat to the state.'' In the case of *Mathews* v. *Savings Union Bank & Trust Co.*, 43 Cal. App. 45 [184 Pac. 418], the court said: ''A construction of section 1273, Code of Civil Procedure, and section 15 of the Bank Act by which title to money on deposit would pass to the state absolutely on the expiration of twenty years, without compensation to the owner and without notice and hearing before his property should be taken, would be intolerable. . . . So careful is the state of the rights of its citizens that even after the adjudication, for a period of five years, any person not a party or a privy to the escheat judgment may sue the state to recover the money. . . . ''

In *State* v. *Union Savings Bank & Trust Co.*, 186 Cal. 294 [199 Pac. 26], the court said, in considering a claim to escheat certain bank deposits: ''The precise claim of the state is that the declaration in section 1273 that the money which has remained on deposit twenty years under the conditions therein stated shall, with the increase of proceeds thereof, escheat to the state, accomplishes an instantaneous escheat. There is some conflict of authority on this question, some states holding to the doctrine that the title to an escheat vests

immediately in the state upon the happening of the act which causes it, but in this state the other doctrine is followed.''

The court also held in this case that any other procedure would be a violation of the ''due process clause'' of our Constitution.

Appellants argue that sections 1274a and 1696 of the Code of Civil Procedure prescribe the procedure for the recovery of unclaimed property in an estate. Section 1274a, however, provides that the attorney-general shall file an action in escheat and after the obtaining of such judgment the party entitled to the escheated property shall have five years after such judgment to claim the same. No proceeding in escheat having been filed, it is then apparent that section 1272 of the Code of Civil Procedure is applicable.

The judgment appealed from should be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.