[Civ. No. 6221.   Third Appellate District.—March 24, 1939.]

In the Matter of the Estate of JOHN ROBERT MARTIN, Deceased. GEORGE ORR et al., Respondents, v. HARRY B. RILEY, State Controller, etc., et al., Appellants.

Earl Warren, Attorney-General, and Albert F. Zangerle, Deputy Attorney-General, for Appellants.

W. A. Brandenburger and William A. White for Respondents.

TUTTLE, J.—This is an action brought by the heirs of John Robert Martin, deceased, to recover certain real and personal property held by the State of California, under and by virtue of an order made by the Superior Court of the County of Colusa, on the 23d day of July, 1920.

On the last mentioned date there was distributed to the State of California, in the absence of known heirs, several parcels of real property, and also the sum of $8,579.40; that said property is now in the custody of the State Treasurer of California.

On January 4, 1938, a petition was filed in the Superior Court, in and for the County of Sacramento, in the matter of the estate of John Robert Martin, deceased, by five per-

sons, who alleged that they were the sole heirs of said decedent. The petitioners prayed for an order directing the State Treasurer to deliver the whole of said estate to petitioners, pursuant to the provisions of sections 1272 and 1272A of the Code of Civil Procedure. An answer was filed on behalf of the State of California, admitting all the allegations of the petition, except as to the matter of heirship, and also setting up as a bar to said proceeding the provisions of sections 1269, 1272 and 1272A of the Code of Civil Procedure, and section 1027 of the Probate Code. The action came on regularly for trial, and the court found that all the allegations of the petition were true, and that the action was not barred by reason of the provisions of the code sections set up in the answer. Judgment was entered ordering the state controller to draw his warrants on the Treasurer of the State of California in favor of the petitioners. It was also adjudged that the real property of the estate was the property of the petitioners. This appeal is taken from the judgment so rendered.

It is the contention of the state that petitioners were barred from appearing and claiming the estate on account of the fact that more than five years had elapsed between the date of the decree of distribution in said estate and the date of the filing of the petition herein. In this connection appellants Harry B. Riley, Controller of the State of California, and Charles B. Johnson, Treasurer of the State of California, rely upon the provisions of section 1269 of the Code of Civil Procedure, which in 1917 read, and still reads as follows:

"If proceedings for the administration of such estate have been instituted, a copy of such order must be filed wth the papers in such estate in the office of the county clerk where such proceedings were had. If proceedings for the administration of any estate of any such decedent have been instituted and none of the persons entitled to succeed thereto have appeared and made claim to such property, or any portion thereof, before the decree of final distribution therein is made, or before the commencement of such proceeding by the attorney general, *or if the court shall find that such persons as have appeared are not entitled to the property of such estate, or of any portion thereof, the court shall, upon final settlement of the proceedings for the administration of such estate, after the payment of all debts and expenses of administration, distribute all moneys and other property re-*

*maining to the State of California. The property so distributed shall be held by the State Treasurer for a period of five years and from the date of the decree making such distribution within which time the same may be claimed in the manner in this title hereafter provided,* but a nonresident foreigner claiming succession in any case must appear and claim within five years from the death of the decedent, *and any person who does not appear and claim as herein required shall be forever barred, and such property, or so much thereof as is not so claimed, shall vest absolutely in the State. . . . "*

At the time of the death of Martin, and at the time that his estate was being probated, said section 1269 was the first section of title 8, part 3 of the Code of Civil Procedure under the title of "Escheated Estates". Immediately following the number of the section and in large black capital letters, the following caption appears: *"Manner of commencing proceedings relative to escheated estates."* Following the first paragraph there are four other paragraphs, unnumbered, but each bearing a preface in small black type. These are as follows: *"Description of Property"; "Order to Appear"; "If Proceedings for administration have been instituted"; "State Treasurer to hold property".* The portion of the section relied upon by appellants comes under the last two paragraphs above mentioned. Section 1737 of the Code of Civil Procedure at the times mentioned, provided as follows: "After a final settlement of the affairs of any estate, if there be no heirs, or other claimants thereof, the County Treasurer shall pay to the State Treasurer all moneys and effects in his hands belonging to the estate under orders of the court, and if any such moneys and effects escheat to the State, they must be disposed of as any other escheated estates."

The question to be decided is whether or not the provision for a five-year limitation under section 1269 above quoted, is a bar to any relief in these proceedings. This in turn requires a construction of the language found in the section last mentioned with respect to the "distribution" of the estate to the State of California.

It is the contention of the respondents that all the provisions of section 1269 of the Code of Civil Procedure must be read together, and that the power of the court to make a distribution of an estate was there predicated upon the

initiation and prosecution of escheat proceedings in conformity with the provisions of said section. We are of the opinion that this contention must prevail. It is expressly provided in the portion of the section relied upon, that "if proceedings for the administration of such estate have been instituted, *a copy of such order must be filed with the papers in such estate*". The "order" mentioned is obviously and manifestly a reference to the order to show cause mentioned in the preceding paragraph of the section, requiring all persons to appear and show cause why the estate should not vest in the State. It is our opinion that until such an order was filed in the pending probate proceedings, the court had no power or jurisdiction to distribute the estate to the State of California. Such a decree, in excess of jurisdiction, is void. "Excess of jurisdiction, as distinguished from the entire absence of jurisdiction, means that the act, although within the general power of the judge, is not authorized and therefore void, with respect to the particular case, because the conditions which alone authorize the exercise of his general power in that particular case are wanting, and hence, the judicial power is not in fact lawfully invoked." (15 C. J., p. 729, par. 24.) ■ The most that can be said with reference to the purported decree of distribution in said estate would be that it would have the effect of the order provided for in section 1737 quoted above, requiring the payment into the state treasury of all moneys and effects in the hands of the administrator, if there be no heirs or other claimants to said property, and we hold that it should be given that effect.

■ At the time of the death of Martin, and during the course of the probate of his estate, there was no provision in the law authorizing the distribution of an estate, where there were no known heirs, *directly to the State of California,* except the portion of section 1269 of the Code of Civil Procedure quoted above, and only then could it be done, as we have pointed out, after proceedings had been filed by the attorney-general of the state for the purpose of securing a judgment of escheat, and the "order" filed in the pending probate proceedings. No such proceedings were ever instituted with respect to this estate. Consequently, the provisions of section 1269, *supra,* authorizing a distribution to the state, are not applicable. It may be said in passing, that the situation today would be otherwise, as the legislature in

1933 added section 1027 to the Probate Code. This section provides, irrespective of the filing of escheat proceedings, for a direct distribution of an estate, where there are no known heirs, to the State of California, with a five-year limitation upon the right of any heirs to claim the estate.

■ In answer to the question propounded under the heading "Statement of Question Involved" in appellants' opening brief,—"When an estate is distributed to the state of California pursuant to the provisions of section 1269 of the Code of Civil Procedure, are not claimants thereto barred from appearing and claiming said estate five years after the date of the decree making such distribution to the state of California?" we conclude by holding that under the provisions of said section there could be no lawful distribution to the state until escheat proceedings had been filed, and no such proceedings having been taken in this case, it follows that the provisions of said section are in nowise applicable to the present proceeding, and petitioners here are not barred by the five-year limitation set up in said section, which is the sole question presented by appellants in their briefs under the heading "Statement of Question Involved".

The judgment is affirmed. Petitioners-respondents to recover costs.

Thompson, J., and Pullen, P. J., concurred.