25 Cal.2d 719 (1944)
Estate of PATRICK WALKER, Deceased. UNITED STATES OF AMERICA, Appellant,
v.
THE STATE OF CALIFORNIA et al., Respondents.
L. A. No. 18719. 
Supreme Court of California. In Bank. 
Dec. 30, 1944.
 Francis M. Shea, Assistant United States Attorney General, Charles H. Carr, United States Attorney, James L. Crawford, Clyde C. Downing and W. F. Mathewson, Assistants United States Attorney, for Appellant.
 Robert W. Kenny, Attorney General, Clarence A. Linn, L. G. Campbell and Bayard Rhone, Deputies Attorney General, for Respondents.
 SCHAUER, J.
 The legal issues to be considered in determining this case are largely similar to those appearing in *720 Estate of Lindquist, ante, page 697 [154 P.2d 879], the opinion in which was this day filed. There is, however, a substantial factual difference in that here the decedent, Patrick J. Walker, was a veteran of the Spanish-American War and as such received pension payments from the federal government from June 27, 1899, to the date of his death on December 11, 1940. Prior to the amendment in 1935 (49 Stats. 607, chap. 510, 1) of the federal statute under which the United States claims its right to receive the funds in question (38 U.S.C. 450, subd. (3)), such statute did not specify funds from pension payments as being subject to its operation. [1] However, respondents have conceded that the funds remaining in the hands of the administrator of Walker's estate for distribution were all derived from pension payments made to him (or to his guardian, appointed October 17, 1938) subsequent to the enactment of such amendment. The residue of those funds is, therefore, impressed with the reversionary right in favor of their donor, the United States.
 As in the Lindquist case, both the State of California and the United States of America claim to be entitled to distribution of such funds under the terms of the statutes discussed in that case. The trial court decreed that distribution be made to the State of California, and from such decree the United States of America took this appeal. For the reasons set forth in the Estate of Lindquist, ante, page 697 [154 P.2d 879], and upon the authority of that case that portion of the decree appealed from which denied unconditionally the claim of the federal government to the residue of the estate of decedent is reversed, and the probate court is directed to amend its decree to provide that such residue shall revert and be paid to the United States of America upon elapse of five years from the date of distribution if the same has not theretofore been claimed by any legal heir pursuant to the laws of California.
 Gibson, C.J., Shenk, J., Curtis, J., and Traynor, J., concurred.
 CARTER, J.
 I dissent. For the reasons set forth in my dissenting opinion in the Estate of Lindquist, ante, p. 697 [154 P.2d 879], this day filed, I am of the opinion that the decree herein should be affirmed. *721