[Sac. No. 5838. In Bank. Feb. 25, 1949.]

MADGE EBERT et al., Respondents, v. STATE OF CALIFORNIA et al., Appellants.

Fred N. Howser, Attorney General, Gladys S. Burroughs, E. G. Benard and William J. Power, Deputy Attorneys General, for Appellants.

Brandenburger & White and William A. White for Respondents.

Henry F. Boyen and Frank J. Fontes as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—H. D. Coe died intestate on July 3, 1938, and his estate was probated in the Superior Court for Butte County. Since no heirs appeared to claim the estate, the court on May 6, 1940, entered its decree ordering distribution of the estate to the State of California pursuant to section 1027 of the Probate Code. The estate consisted of $7,181.40 in cash on deposit with the Treasurer of Butte County and a claim for money against the California Almond Growers Association. This claim was subsequently collected by the public administrator, and the money deposited with the Treasurer of Butte County. On August 14, 1945, the court entered its order settling the administrator's supplemental final account and granting his petition for a supplemental decree of distribution. The estate, amounting to $8,295.41 on deposit with the Treasurer of Butte County, was not delivered to the State Treasurer until January 26, 1946, more than five years after the entry of the original decree.

Respondents, whose relationship to decedent as first cousins once removed is not disputed, made no claim or demand for the estate until the institution of these proceedings on February 13, 1946, pursuant to section 1272a of the Code of

Civil Procedure. That section provides: "When the estate, or any portion thereof, of any decedent has been received by or deposited with the State Treasurer pursuant to a distribution thereof to the State of California . . . the superior court of the county of Sacramento, State of California, shall have full and exclusive jurisdiction to determine the title to the property and all claims thereto.

"Any person entitled to succeed to the property or to take title thereto or possession thereof . . . may, unless otherwise barred, file a petition in the superior court of the county of Sacramento showing his claim or right to the property . . .

"If, upon the trial of the issues, the court is satisfied of claimant's right or title to the property claimed, it shall grant him a certificate to that effect under its seal. Upon presentation of such certificate, the Controller shall draw his warrant on the Treasurer for the amount of money covered thereby. . . ."

Judgment was entered that respondents share equally in the estate and that the state make payment to them accordingly. This appeal is taken from that judgment.

Appellants contend that any claims respondents may have had to the estate are barred by section 1027 of the Probate Code, since the claims were not asserted until after five years had elapsed from the date of the decree of distribution. Section 1027 of the Probate Code provides:

"If the money or other personal property belonging to an estate has been deposited in the county treasury prior to the date of distribution to the State of California, upon the rendition of the decree of distribution, any money so distributed shall forthwith be delivered to the State Treasurer by the County Treasurer, and all other personal property so distributed shall forthwith be delivered to the State Controller for deposit in the State treasury. . . .

"The property so distributed *shall be held by the State Treasurer for a period of five years from the date of the decree making such distribution, within which time any person may appear in the superior court for the county of Sacramento and claim the estate or any part thereof*. . . . Such court shall have full and exclusive jurisdiction to determine the title to said property and all claims thereto. Any person who does not appear and claim, as herein required, shall be forever barred, and such property, or so much thereof as is not claimed, shall vest absolutely in the State." (Italics added.)

One basic question emerges from this appeal: When an estate consisting solely of money and intangible personal property is distributed to the State of California pursuant to section 1027 of the Probate Code, does the period of limitation provided in that section commence to run from the date of the decree of distribution, thus barring a claim filed more than five years after entry of the decree but within one month after delivery of the estate to the State Treasurer?

Section 1027 plainly states that one may claim an estate at any time within the five-year period that the estate is "held by" the State Treasurer, and that this period shall commence to run from the date of the decree of distribution. Respondents contend, however, that an estate cannot be "held by" the State Treasurer until that official obtains physical custody thereof, which he cannot do until some time after the date of the decree, so that the limitation period necessarily commences with the date upon which the estate is delivered to the State Treasurer.

According to standard dictionaries, "As applied to property, the word [held] is a technical one embracing two ideas, that of actual possession of some subject of dominion or property, and that of *being invested with legal title or right to hold or claim such possession.*" (Italics added.) (Ballentine, Law Dict., 1930. See, also, Anderson's Dict. of Law, 1895, Black's Law Dict., 1933; 19 Words and Phrases 370, 372.) Respondents adopt the first of these constructions, which makes the limitation provision of section 1027 ambiguous. Under this interpretation the express direction of the Legislature that the limitation period commences with the date of the decree is rendered inoperative and another period is substituted in its place. Because of the explicit provision that the holding period commences with the date of the decree, it is more reasonable to conclude that in using the term "held" the Legislature meant the right of the State Treasurer to claim possession of the property on behalf of the state, which is vested with legal title by virtue of the decree of distribution. By this construction, effect is given to the section in its entirety, and omissions and insertions are avoided. (See, Code Civ. Proc., § 1858; *County of Los Angeles* v. *Graves,* 210 Cal. 21, 24 [290 P. 444]; *In re Marquez,* 3 Cal.2d 625, 629 [45 P.2d 342]; *Wulff-Hansen & Co.* v. *Silvers,* 21 Cal. 2d 253, 260 [131 P.2d 373]; *People* v. *Moroney,* 24 Cal.2d 638, 643 [150 P.2d 888]; *People* v. *Burns,* 75 Cal.App. 84, 88 [241 P. 935]; *Marshall* v. *Williams,* 85 Cal.App. 507, 511-512 [259 P. 970]; *Fresno City*

*H. S. Dist.* v. *De Caristo,* 33 Cal.App.2d 666, 672 [92 P.2d 668]; 23 Cal.Jur. § 133, p. 758, § 134, p. 760; 2 Sutherland, *Statutory Construction,* § 4705, p. 339.)

Respondents contend, however, that since section 1027 requires that any money distributed to the state be delivered forthwith to the State Treasurer, it necessarily follows that the limitation period does not commence to run until such delivery is effected.

Upon its enactment in 1933 (Stats. 1933, p. 2362), section 1027 made no provision that estate assets on deposit with the county treasurer be transmitted to the State Treasurer. It was not until amendment of the section in 1939 (Stats. 1939, p. 1448) that such a provision was added. During the period from 1933 to 1939, the only requirement that estate assets be delivered to the State Treasurer, when there were no claimants thereto, was contained in section 1148 of the Probate Code, which provided: "After a final settlement of the estate, if there are no heirs or other claimants thereof, the county treasurer must pay into the state treasury all moneys and effects in his hands belonging to the estate, *upon order of the court.* . . ." (Italics added.) (Stats. 1931, p. 662.) Until amendment of section 1027 in 1939 the provision that "the property so distributed shall be held by the State Treasurer" could not have referred to property delivered to that official, for there was no correlation between the date of the decree and the time within which delivery was to be made. The State Treasurer must, therefore, be considered as having held the estate even though not in actual possession thereof. It can hardly be contended that by amending section 1027 in 1939 to require the immediate delivery of certain estate assets, the Legislature intended to provide for a period of limitation different from that previously established, for the wording of the limitation provision remained unchanged. (See, 23 Cal.Jur. § 154, p. 778, § 165, p. 787; 1 Sutherland, Statutory Construction, §§ 1934, 1935, pp. 430-434.) Furthermore, the section as amended requires that only money and personal property be delivered forthwith to the State Treasurer. There is no provision regarding the disposition to be made of other estate assets such as real property. Therefore, if respondents' argument were sound, a claimant's right to claim real property would be barred five years after the date of its distribution to the state, but a claim to money or personal property could be asserted at any time within five years after the date of its delivery to the

State Treasurer. The limitation provision does not, however, distinguish between the types of property to be "held" by the State Treasurer; it refers to the "property so distributed," which necessarily includes property to be delivered to the State Treasurer as well as property not subject to or capable of manual delivery.

Respondents contend that certain language in *Estate of Williams*, 37 Cal.App.2d 181, 187 [99 P.2d 349], involving an estate probated before the adoption of section 1027, lends support to their position. It is asserted that since the provisions of section 1027 are the same as the provisions of section 1269 of the Code of Civil Procedure, insofar as each affords the heirs five years within which to claim their inheritance, the dictum in that case interpreting section 1269 is now applicable to section 1027. The court stated: "The distribution of the trust fund to the State was therefore in no different category than any other distribution where no heirs are found, and parties entitled to succeed to the estate would have five years *from the receipt of* the money by the state in which to commence proceedings under section 1272a of the Code of Civil Procedure." (Italics added.) It is to be noted, however, that the court held that since the state had not proceeded in accord with the requirements of section 1269, that section was inapplicable. It is evident, therefore, that the court in the Williams case was not, as respondents assert, "construing the provisions of section 1269." Moreover, the court's dictum that a claimant "would have five years from the receipt of the money by the state" within which to commence proceedings for the recovery thereof is erroneous, for it had long been settled that a claimant's right to such property could be asserted at any time, when the state had not obtained a judgment of escheat pursuant to section 1269 of the Code of Civil Procedure. (*Estate of Miner*, 143 Cal. 194 [76 P. 968]; *State* v. *Miller*, 149 Cal. 208 [85 P. 609]; *Estate of Griswold*, 11 Cal.App.2d 89 [53 P.2d 192]; *Estate of Martin*, 31 Cal.App.2d 680 [88 P.2d 755].)

Appellants rely upon *Estate of Lindquist*, 25 Cal.2d 697 [154 P.2d 879] and *Estate of Walker*, 25 Cal.2d 719 [154 P.2d 891], as controlling the issue here involved. In both cases, the probate court decreed distribution of decedents' estates to the State of California pursuant to section 1027 of the Probate Code, and denied the claim of the United States that under a federal statute (43 Stats. 613, 38 U.S.C. § 450, subd. 3) the estates should be distributed to it. On appeal,

this court held in favor of the United States but rejected the contention that title to the estates vested in it absolutely upon entry of the decree of distribution. In each case it was ordered that the court ''amend its decree to provide that such residue [of decedent's estate] shall revert and be paid to the United States of America upon elapse of five years *from the date of distribution* if the same has not theretofore been claimed by any legal heir pursuant to the laws of California.'' (Italics added.) (*Estate of Lindquist, supra,* 25 Cal. 2d 697, 712 [154 P.2d 879]; *Estate of Walker, supra,* 25 Cal. 2d 719, 720.) Although, as respondents contend, the precise question presented here was not before this court in the foregoing cases, it is to be noted that it was necessary for this court to interpret section 1027 of the Probate Code in order to determine the exact date upon which title to the estates would vest unconditionally in the federal government; the effectiveness of that section to bar the right of a claimant who has failed to present his claim within five years from the date of the decree of distribution was recognized. The amendment to the decrees in those cases provided that the estates ''revert and be paid . . . upon elapse of five years *from the date of distribution*'' (italics added), not from the date of delivery of the property to the State Treasurer, as would have been necessary were respondents' contention sound.

Respondents' final contention is that the ''statutory construction contended for by appellants would result in the anomalous conclusion that respondents had lost their right before they ever had a remedy,'' on the ground that section 1272a of the Code of Civil Procedure provides the exclusive remedy by which they could claim their inheritances after distribution of the estate to the state and that under that section the Superior Court of Sacramento County lacked jurisdiction to entertain these proceedings, until the estate had been ''received by or deposited with the State Treasurer.'' This construction, respondents assert, would be contrary to the well-established rule that a statute of limitation does not commence to run until a cause of action has accrued. (Code Civ. Proc., § 312; *Feeney* v. *Hinckley,* 134 Cal. 467, 470 [66 P. 580, 86 Am.St.Rep. 290]. See, 16 Cal.Jur. § 91, p. 488.)

Section 1027, however, has at all times provided that the Superior Court of Sacramento County shall have full and exclusive jurisdiction to determine claims, such as respondents assert, during the period that the estate is ''held by the State Treasurer.'' The jurisdiction of the Superior Court of Sacra-

mento County was, therefore, effective commencing with the date of the decree herein, and respondents could have instituted these proceedings in that court despite the fact that the assets of the estate had not yet been delivered to the State Treasurer.

In effect, respondents' argument is that since section 1272a provides that the Superior Court of Sacramento County shall have jurisdiction to determine claims to estates "*when* the estate . . . has been received by or deposited with the State Treasurer" (italics added), it repeals by implication the provision of section 1027 that that court shall have full and exclusive jurisdiction from the date of the decree of distribution.

█ It is well established that the repeal of statutes by implication is not favored (see, 23 Cal.Jur. § 84, p. 694) and that statutes relating to the same subject are to be construed together and harmonized if possible. (*People* v. *Trieber*, 28 Cal.2d 657, 661 [171 P.2d 1]; 2 Sutherland, Statutory Construction, § 5201, p. 531.) █ Section 1272a is inconsistent with section 1027 only upon the supposition that the Legislature intended thereby to limit the otherwise full and exclusive jurisdiction previously given to the Superior Court of Sacramento County by making it depend upon actual possession of the estate by the State Treasurer.

When section 1027 was enacted in 1933, section 1272a provided that the Superior Court of Sacramento County shall have full and exclusive jurisdiction to determine claims "when the estate . . . has been received by or deposited with the State Treasurer *pursuant to section 1737*" of the Code of Civil Procedure. (Italics added.) Section 1737 was the precursor of section 1148 of the Probate Code, which was adopted in 1931 (Stats. 1931, p. 662) and until 1939 provided that the county treasurer must pay into the state treasury, upon order of the court, all money and effects in his hands belonging to an estate to which there were no heirs or other claimants.

It was not until section 1272a was amended in 1939 (Stats. 1939, p. 1456) that the procedure outlined therein was made specifically applicable to distributions pursuant to section 1027. The amendment substituted the words, "pursuant to a distribution thereof to the State of California," for the words, "pursuant to section 1148 of the Probate Code." This amendment followed logically and consistently from the changes also made in 1939 to section 1027 and 1148 of the Probate Code. Section 1027, as heretofore pointed out, was

amended to provide for delivery by the county treasurer of all money and personal property in his possession immediately upon entry of the decree of distribution; section 1148 was changed to provide that "After a final settlement of the estate, if there are no heirs or other persons entitled thereto . . . the county treasurer shall deliver to the State Treasurer . . . all money and other personal property in his hands belonging to the estate, at the time and in the manner provided in section 1027 of this code. . . ." (Stats. 1939, p. 1447.) Thus, although the amendments made in 1939 to the foregoing sections effected a change in procedure so far as delivery of money and personal property comprising an unclaimed estate is concerned, there is no indication whatever that the Legislature intended to limit the jurisdiction of the Superior Court of Sacramento County solely to claims to property actually delivered to the State Treasurer. The explicit provision of section 1027 that that court shall have full and exclusive jurisdiction during the five-year period from the date of the decree of distribution remained unchanged.

Judgment reversed.

Gibson, C. J., Edmonds, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

This case involves the construction of section 1272a of the Code of Civil Procedure and section 1027 of the Probate Code. I see no sound reason for the view taken by the majority of this court.

The portions of section 1027 of the Probate Code which are here applicable read as follows:

"If the money or other personal property belonging to an estate has been deposited in the county treasury prior to the date of distribution to the State of California, upon the rendition of the decree of distribution, any money so distributed shall forthwith be delivered to the State Treasurer by the county treasurer, and all other personal property so distributed shall forthwith be delivered to the State Controller for deposit in the state treasury. . . .

"*The property so distributed shall be held by the State Treasurer for a period of five years from the date of the decree making such distribution,* within which time any person may appear in the superior court for the county of Sacramento and claim the estate or any part thereof. . . .

"Any person who does not appear and claim, as herein required, shall be forever barred, and such property, or so much thereof as is not claimed, shall vest absolutely in the State."

Section 1272a of the Code of Civil Procedure, in part, is as follows:

"When the estate, or any portion thereof, of any decedent *has been received by or deposited with the State Treasurer pursuant to a distribution thereof to the State of California,* . . . and, except as otherwise provided by law, when there is in the possession of the State or its officers any money or other property, real or personal, which is to be held for third persons or the title to which has vested in the State subject to the rights of third persons, the superior court of the county of Sacramento, State of California, shall have full and exclusive jurisdiction to determine the title to the property and all claims thereto.

"Any person entitled to succeed to the property or to take title thereto or possession thereof, and not a party or privy to any proceedings had under any of the foregoing sections of this title, may, unless otherwise barred, file a petition in the superior court of the county of Sacramento showing his claim or right to the property, or the proceeds thereof, or to any portion thereof."

The construction placed upon these portions of the code sections by the majority is an unnecessarily strict one, and one with which I cannot, in good conscience, agree. The majority place emphasis on the latter clause of a sentence contained in section 1027 of the Probate Code, and, in effect, ignore the first part of the same sentence. "The property so distributed shall be held by the State Treasurer for a period *of five years from the date of the decree making such distribution.*" (Emphasis added.) But we also have another phrase to contend with: "The property so distributed *shall be held by the State Treasurer for a period of five years* from the date of the decree making such distribution. . . ." Here the property was *held* by the *county* treasurer from some time prior to the decree which is dated May 6, 1940, until it was turned over to the *State* Treasurer *January 26, 1946.* Respondents, whose relationship to the deceased is undisputed, commenced these proceedings on *February 13, 1946,* less than one month after the State Treasurer had received the property. The majority of this court reach the result that respondents

are barred because the statute of limitation began to run from the date of the decree making such distribution.

This result is reached despite the provisions of section 1272a of the Code of Civil Procedure which outlines the procedure which must be followed by any claimant seeking to establish his relationship to a deceased person. That section clearly states that "When the estate, or any portion thereof, of any decedent has *been received by or deposited with the State Treasurer* pursuant to a distribution thereof to the State of California, . . . and, . . . when *there is in the possession of the state or its officers* any money or other property, real or personal, which is to be held for third persons or the title to which has vested in the state subject to the rights of third persons, the superior court of the county of Sacramento, State of California, shall have full and exclusive jurisdiction to determine the title to the property and all claims thereto."

The majority opinion defines the word "held" as embracing two meanings—one, actual physical possession, and the other as being invested with legal title or right to hold or claim possession, and then says that clearly the Legislature must have intended the latter meaning. This does not take into consideration the latter part of the same sentence which provides that "when there is in the *possession* of the state or its officers . . . etc." It seems to me that a far more plausible construction would be that it was intended that the five-year period was to run from the time the state obtained possession pursuant to the decree of distribution. Construing the two sections together, which is the usual procedure, there is nothing inconsistent and no "insertions" or "omissions" are required. The provision that, after the decree of distribution, the money or property should be delivered "forthwith" to the State Treasurer was undoubtedly meant to have a practical effect—that the county treasurer should deliver the property without delay, thus obviating such a state of affairs as existed in this case.

The majority say that it can hardly be contended that "by amending section 1027 [Prob. Code] in 1939 to require the immediate delivery of certain estate assets, the Legislature intended to provide for a period of limitation different from that previously established, for the wording of the limitation provision remained unchanged." I submit that in view of the entire section, it can be so contended. Statutory amendments are usually intended either to correct ambiguities in the

language or meaning, or to carry the law a step or two farther. Why is it any less reasonable to say that the Legislature intended that the money should be delivered to the State Treasurer as soon as was possible after the decree of distribution, so that the period of the statute would *begin* to run without delay? The evil which it was enacted to correct was the practice of holding property of such decedents in the county treasury for long periods of time and the right to claim the funds became interminable. In 1933, section 1027 (Prob. Code) was enacted as a new section providing for the possession by the State Treasurer and the bar of a claimant's right much as at present. But the prompt payment of the funds to the State Treasurer was not provided for. In 1939, the section was amended to require the executor or administrator of an estate to pay such funds held by him directly into the state treasury, and further provided that where such funds were already in the possession of the county, the county treasurer should pay them forthwith to the State Treasurer.

As was pointed out by the learned trial judge when deciding this case, it would be manifestly impracticable for a person, an "unknown" heir, who might be living in any part of the world, to inquire from time to time of the various county treasurers throughout the state as to the presence therein of any possible estate he or she might inherit. He would know that if any long lost relative of his had died the property would escheat to the state. Furthermore, this must have been the theory which prompted the Legislature to provide that his action, in the nature of a declaratory judgment settling title, was against the state, not against any county in which the deceased may have been domiciled at the time of his death.

It appears to me that there is merit in respondent's contention that if appellant's position is sound, their cause of action is barred before it ever arose. Escheat statutes and statutes of limitation are statutes of forfeiture and should be strictly construed against the one asserting either, or both of them—in this instance, the state. Since the statute provides that respondent's exclusive remedy was one against the state, it would seem that the provisions of section 1027 of the Probate Code should be so construed as to make it harmonious with section 1272a of the Code of Civil Procedure. In order to achieve a just result, it is only necessary that these two sec-

tions be construed together, liberally, in the light of the obvious intention of the Legislature.

For the foregoing reasons I would affirm the judgment of the trial court.

Shenk, J., concurred.

Respondents' petition for a rehearing was denied March 24, 1949. Shenk, J., and Carter, J., voted for a rehearing.